DAVID L. PERMUT (*pro hac vice*)
*dpermut@goodwinprocter.com*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel.: 202.346.4000
Fax: 202.346.4444

MATTHEW G. LINDENBAUM
(*pro hac vice*)
*mlindenbaum@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Exchange Place
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617-523-1231

ALISON M. NORRIS (SBN 248711)
*anorris@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Fl.
Los Angeles, California 90017
Tel.: 213.426.2556
Fax: 213.623.1673

*Attorneys for Defendants*
Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| KENT FARMER, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.<br><br>Defendants. | Case No. 11-CV-00739-CJC (RNBx)<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 7, 2011<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Cormac J. Carney |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 7, 2011, at 1:30 p.m. or as soon thereafter as this matter may be heard in the above entitled court, before the Honorable Cormac J. Carney, United States District Judge, in Courtroom 9B, 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Defendant Bank of America, N.A, successor by merger to BAC Home Loans Servicing, will and hereby does move this Court pursuant to 28 U.S.C. § 1404 for an order transferring this case to the U.S. District Court for the Western District of Texas, where Plaintiff resides and where Plaintiff's property sits.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support hereof, and all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

Pursuant to Local Rule 7-3, counsel for Defendants conferred telephonically with counsel for Plaintiff regarding this motion on August 23, 2011. The Parties were unable to reach agreement.

Dated:      September 30, 2011          Respectfully submitted,

/s/  Matthew G. Lindenbaum
MATTHEW G. LINDENBAUM
(*pro hac vice*)
*mlindenbaum@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Exchange Place
Boston, Massachusetts 02109
Tel.:  617.570.1000
Fax:  617.523.1231

DAVID L. PERMUT (*pro hac vice*)
*dpermut@goodwinprocter.com*
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel.: 202.346.4000
Fax: 202.346.4444

ALISON M. NORRIS
*anorris@goodwinprocter.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Fl.
Los Angeles, California  90017
Tel.: 213.426.2556
Fax: 213.623.1673

*Attorneys for Defendant*
Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Kent Farmer ("Plaintiff" or "Farmer") is a Texas resident and owner of real property in Texas who, on behalf of a putative class of Texas borrowers, asserts three claims against Defendant Bank of America, N.A., ("BANA"), all of which are governed by Texas law. Because the Western District of Texas is the forum with the closest connection to this case, and is where this case could, and should, have been filed, this Court should transfer this action to that District pursuant to 28 U.S.C. § 1404.

## BACKGROUND

Plaintiff initiated this putative class action on May 13, 2011, asserting common law claims for breach of contract, fraud, and unjust enrichment on behalf of putative nationwide class and a putative subclass of Texas borrowers who had loans or lines of credit serviced by BANA and had hazard insurance placed on their property by BANA. *See* Class Action Complaint, Dkt. No. 1.[1] Plaintiff amended his complaint twice[2] before filing yet another motion for leave to amend, which was granted. *See* Third Amended Class Action Complaint, Dkt. No. 37 ("Complaint" or "TAC"). Plaintiffs' operative Complaint now asserts Texas law claims for breach of contract and common law fraud as well as a claim for damages under the Texas Deceptive

---

[1] Banc of America Insurance Services, Inc. and Balboa Insurance Company were also named as Defendants in the initial Complaint.

[2] On June 9, 2011 Plaintiff filed his First Amended Class Action Complaint, which did not add new claims or parties but added a request for leave to amend to add claims under the California Unfair Competition Law and Texas Deceptive Trade Practices Act. *See* First Amended Class Action Complaint, Dkt. No. 8. Five weeks later, Plaintiff filed, pursuant to a stipulation between the parties, a Second Amended Class Action Complaint, which did not name Banc of America Insurance Services, Inc. or Balboa Insurance Company as Defendants, eliminated Plaintiff's original claim for unjust enrichment, and also limited the putative class to borrowers within the state of Texas. *See* Second Amended Class Action Complaint, Dkt. No. 25. Plaintiff never amended the Complaint to assert a claim based on the California Unfair Competition Law.

---

MOTION TO TRANSFER VENUE TO THE
WESTERN DISTRICT OF TEXAS

Case No. 11-00739-CJC (RNBx)

Trade Practices Act. The putative class plaintiff seeks to represent is now limited to Texas borrowers.

In sum, Plaintiff is a Texas resident pursuing solely Texas state law claims on behalf of himself and a putative class of Texas borrowers. This case therefore bears little connection to the Central District of California, and its logical venue is the Western District of Texas.

## ARGUMENT

### I. THIS ACTION COULD HAVE BEEN BROUGHT IN THE WESTERN DISTRICT OF TEXAS

An action may be transferred to another district only if the action could have originally been brought in the transferee forum. 28 U.S.C. § 1404 (court may transfer to any district where case "might have been brought"). This case clearly could have been brought in the Western District of Texas. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(a)(2), because it is a "judicial district in which . . . a substantial part of the property that is the subject of the action is situated." Plaintiff's property is situated in Helotes, Texas, TAC ¶ 6, in Bexar County, which sits in the San Antonio Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(4). Plaintiff's Texas property, and the security instruments and contracts relating to it, form the sole basis for this action.

BANA is subject to personal jurisdiction in the Western District of Texas, regularly conducts business in the state of Texas, and has loan servicing facilities in the state of Texas. During the time period that forms the basis of this action, BAC Home Loans Servicing, LP was a Texas limited partnership with a principal place of business in Plano, Texas.[3] *See* Request for Judicial Notice, Ex. 1. This action, therefore, could have – and should have – been brought in the Western District of

---

[3] As of July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A., a national banking association whose articles of association designate North Carolina as the location of its main office.

Texas.

## II. TRANSFER TO THE WESTERN DISTRICT OF TEXAS WOULD PROMOTE CONVENIENCE AND THE INTERESTS OF JUSTICE

The Western District of Texas is the forum most convenient for the parties, the forum with the closest nexus to this case, and the forum with the most interest in adjudicating this controversy. The Western District of Texas, therefore, is the proper forum for this case.

Section 1404 provides for transfer of a case to another district "for the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). Therefore, in deciding a motion to transfer, the Court considers three principal factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." *Szegedy v. Keystone Food Products, Inc.*, 2009 WL 2767683, at *2 (C.D. Cal. Aug. 26, 2009). The factors considered under the rubric of the "interests of justice" include "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* In addition, courts look to whether there is a "local interest in having localized controversies decided at home" and "the unfairness of imposing jury duty on citizens in a forum unrelated to the action." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1156 (S.D. Cal. 2005). For the reasons explained below, the Western District of Texas satisfies each of these factors.

### A. Texas Has the Strongest Interest in Resolving the Controversy

Fundamentally, this case should be transferred because Plaintiff's Complaint does not assert claims the Central District of California has a compelling interest in deciding. Where, as here, the Plaintiff is not a resident of the chosen forum and does

not allege that any injury occurred in the chosen forum, this community does not have any real interest in adjudicating this case and it would "place an unnecessary burden on jurors in this district to hear the action." *Saleh*, 361 F. Supp. 2d at 1167.

Plaintiff is a Texas resident. Plaintiff's property is in Texas. The putative class of borrowers Plaintiff purports to represent consists of Texas borrowers, all of whom, by Plaintiff's own allegations, have somewhat uncommon security instruments that extend loans or lines of credit "pursuant to Section 50(b)(6), Article XVI, [of the] Texas Constitution." TAC ¶ 19. Plaintiff asserts two common law claims—for Breach of Contract and Common Law Fraud—both of which are governed by Texas law. TAC, Ex. A, at 23 ("This Homestead Lien Contract will be governed by . . . the laws of the State of Texas without regard to conflicts of law provisions. This Homestead Lien Contract has been accepted by Lender in the State of Texas."). Plaintiff's third claim, for violation of the Texas Deceptive Trade Practices-Consumer Protection Act, is a Texas statutory action.

Under these circumstances there is a clear and compelling interest in resolving this controversy in Texas. *Hunter v. Mozil*, 2008 WL 5130453 (N.D. Cal. Dec. 5, 2008), is instructive. There, the Northern District of California transferred an action to the Southern District of Texas where the plaintiff, a Texas borrower, challenged his loan servicer's right to collect certain property taxes under California and federal law. The Court found that Texas's interest in resolving the controversy was "strong" and California's interest was "almost non-existent," which, coupled with the Texas court's familiarity with Texas property law, warranted transfer. *Id.* The Court noted that Plaintiff's chosen forum had no connection to the case, the loan was negotiated in Texas, the deed of trust was recorded in Texas, and two co-borrowers lived in Texas. *Id.* at *5.

This reasons for transfer in this case are even stronger. Unlike *Mozil*, in which the plaintiff asserted purely federal claims and sought civil penalties under California law, Plaintiff here asserts claims governed **exclusively** by Texas law.

It makes little sense from either an efficiency or practical standpoint to litigate this case in California. *See Gregory v. Novartis Pharm. Corp.*, 2011 WL 2415766, at *3 (C.D. Cal. Jun. 14, 2011) (transferring action to Middle District of Alabama where "majority of the events giving rise to Plaintiffs' claims occurred in the Middle District of Alabama" and where there was "no indication that any of the alleged events took place in the Central District [of California]"); *Global Decor, Inc,* 2011 WL 2437236, at *2 (fact that insurance policy was issued and executed in transferee forum weighed in favor of transfer). Rather, the case should be decided in the Western District of Texas, which is connected to nearly every aspect of Plaintiff's suit brought under Texas law, to interpret a contract implicating a provision of the Texas Constitution, and involving Texas borrowers.

### B. **Plaintiff's Choice of Forum is Not Entitled to Special Weight**

Although the Plaintiff's choice of forum is usually afforded deference, where, as here, the Plaintiff has elected to bring this case as a class action, his choice of forum is entitled to less weight than might normally be extended. *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate . . . is considerably weakened."). *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight"); *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) (stating that as a class action, "the weight placed on Plaintiff's choice of forum is further discounted"); *Szegedy*, 2009 WL 2767683, at *4 (holding that "the usual reasons for deferring to a plaintiffs choice of forum do not apply" when it is brought as a class action). This rule makes sense, as a Plaintiff suing on behalf of a putative class should not be permitted to prejudice or otherwise inconvenience absent class members by his choice of forum.

Moreover, when the Plaintiff lives elsewhere and the operative facts have little connection to the chosen forum, the weight accorded Plaintiff's choice is further

discounted. *Metz*, 674 F. Supp. 2d at 1148. As Plaintiff does not live in California and there are no allegations that Plaintiff's loan was executed in California or governed by California law, there is little reason to defer to his choice of forum.

### C. A Court Sitting in Texas Would be More Familiar with the Law Applicable to this Case

Although this Court certainly has the authority to apply the law of another jurisdiction, where the locus of facts occurred elsewhere and each claim arises under, and is governed by Texas law, it makes little sense to do so. Indeed, Judge Tucker recently held that where the law of another forum governs, it weighs not just in favor of transfer but **"heavily"** so. *Global Decor, Inc. v. Cincinnati Ins. Co.*, 2011 WL 2437236, at *2 (C.D. Cal. Jun. 16, 2011) (Tucker, J.). And this case is even more clear-cut than *Global Decor*, in which the court had to undertake a choice-of-law analysis in the first instance; by contrast, the Homestead Lien Contract that forms the basis of this suit contains an express provision that Texas law governs. TAC, Ex. A, at 23. Because the Western District of Texas "regularly applies" and is already familiar with both Texas common law and Texas law interpreting the Deceptive Trade Practices-Consumer Protection Act, it will be more efficient to have that court adjudicate Plaintiff's claims. *See id.*

### D. The Convenience of the Parties and Witnesses Either Favors Transfer or is Neutral

The convenience of the parties and key witnesses in this case either favors transfer or is a neutral factor. Plaintiff is a Texas resident whose property is located and Texas, and presumably his and the putative class members' convenience would best be served by proceeding in Texas. In the time period during which the alleged events took place, BAC Home Loans Servicing, LP ("BAC Home Loans") was a limited partnership organized under the laws of Texas and with a principal place of business in Plano, Texas. BAC Home Loans's limited and general partners, meanwhile, had principal places of business in Calabasas, California. Bank of America is a national organization and has operations in both Texas and California.

MOTION TO TRANSFER VENUE TO THE
WESTERN DISTRICT OF TEXAS

6

Case No. 11-00739-CJC (RNBx)

Accordingly, Bank of America intends to call witnesses from both Texas and California.  There are unlikely to be a significant number of non-party witnesses.

## CONCLUSION

The heart of this case lies in the Western District of Texas.  It is a dispute about the interpretation of a Texas security instrument executed in Texas, and authorized by a specific provision of the Texas Constitution.  The Plaintiff resides in Texas and asserts claims governed exclusively by Texas law on behalf of a putative class of Texas borrowers.  Under these circumstances, the Western District of Texas is in the best forum to address the issues this case presents, and Bank of America respectfully requests that this action be transferred there for further proceedings.

Dated:       September 30, 2011                Respectfully submitted,

/s/  Matthew G. Lindenbaum
MATTHEW G. LINDENBAUM (*pro hac vice*)
mlindenbaum@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
Boston, Massachusetts 02109
Tel.:  617.570.1000
Fax:  617-523-1231

DAVID L. PERMUT (*pro hac vice*)
dpermut@goodwinprocter.com
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel.: 202.346.4000
Fax: 202.346.4444

ALISON M. NORRIS (SBN #248711)
anorris@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Fl.
Los Angeles, California  90017
Tel.:  213.426.2556
Fax:  213.623.1673

*Attorneys for Defendant*
Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP

# PROOF OF SERVICE

I am employed in the District of Columbia.  I am over the age of 18 and not a party to the within action.  My business address is 901 New York Avenue, NW, Washington, D.C., 20001.

On **September 30, 2011**, I served on the interested parties in said action the within:

**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**

| | |
|---|---|
| **E. Michelle Drake**<br>**Rebekah L. Bailey**<br>*drake@nka.com*<br>*bailey@nka.com*<br>**NICHOLS KASTER, LLP**<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Tel.: (612) 256-3200<br>Fax: (612) 215-6870 | Counsel for Plaintiff:<br>*Kent Farmer, as an individual and as a representative of the classes* |

**Matthew C. Helland**
*Helland@nka.com*
**NICHOLS KASTER, LLP**
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Tel.: (415) 277-7235
Fax: (415) 277-7238

**Eric W. Cheung**
*echeung@ecjlaw.com*
**ERVIN COHEN AND JESSUP LLP**
9401 Wilshire Boulevard 9th Floor
Beverly Hills, CA 90212
310 273 6333
310 859 2325 (fax)

☑ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

1  I declare under penalty of perjury that I am employed in the office of a member
2  of the bar of this Court at whose direction this service was made and that the
3  foregoing is true and correct.
4  Executed on September 30, 2011, at Washington, D.C.

|  Katharine J. Westfall  |  _(signature)_  |
|  (Type or print name)  |  (Signature)  |