**FILED**

JAN 2 0 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

KENT FARMER, as an individual and as a
representative of the classes,

       Plaintiff,

       v.

BANK OF AMERICA, N.A., BAC HOME
LOANS SERVICING, L.P.,

       Defendants.

Case No. 5:11-CV-00935-OLG

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is entered into by the parties to the above-captioned action. It extends to all of the above-captioned actions, as well as any actions that are consolidated, transferred to, or joined with the above-captioned actions after the date of this Order (collectively, the "Action").

The Protective Order is intended to protect from disclosure documents and information the parties deem to be confidential. Documents and information so designated may only be disclosed or used as further provided herein. Nothing herein is intended to affect the relevance, discoverability, or admissibility into evidence of any documents or information produced during discovery in the Action. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between all parties to the Action, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this Action.

STIPULATED, AGREED, AND ORDERED:

1.     Any party in this Action or any third party to whom a subpoena is issued in this Action ("Producing Party") shall have the right to designate any material (including, but not limited to,

exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as confidential if the material contains information that is proprietary or sensitive to the Producing Party and/or not otherwise in the public domain.  As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Confidential Information."  Any use of any such Confidential Information shall be covered by the provisions of this Protective Order.  Information or material which is available to the public shall not be considered confidential.

2.     A Producing Party may designate documents containing information deemed confidential by that party as Confidential Information by stamping or otherwise clearly marking the same "CONFIDENTIAL," or by otherwise notifying the parties to the Action that materials are to be treated as Confidential Information.

3.     A Producing Party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind the portion of the transcript and to clearly mark the front of the separately bound volume with the designation "CONFIDENTIAL."  During any deposition that includes testimony concerning Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition.  In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the

2

transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel.

4.      Any person receiving Confidential Information ("Receiving Party") shall use such Confidential Information only for the purposes of this Action and any action transferred to or consolidated with the above-captioned action, including but not limited to actions subsequently transferred to or consolidated with the above-captioned action.  Absent further court order, a Receiving Party shall not use Confidential Information for any other litigation, or for any business or other purpose whatsoever.  Notwithstanding this provision, the Producing Party may make use of its own Confidential Information in any way it deems fit.

5.      Confidential Information shall not be disclosed to any person except:

   (i)    the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

   (ii)   outside counsel of record for the parties to this action, and employees of their respective firms;

   (iii)  the Court and its support personnel;

   (iv)   a deponent or witness who is a party, or an officer, director, partner, attorney, employee or agent of the Producing Party;

   (v)    copying or imaging services or court reporters associated with or retained by a party in connection with this action;

   (vi)   any experts and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution of this action ("Outside Experts");

   (vii)  any mediators and their staff who are engaged for the purpose of mediating this action; and

   (viii) any other person agreed to in writing by the parties.

6.      Before an Outside Expert may receive any Confidential Information, he or she must have read a copy of this Protective Order and signed an undertaking in the form attached as Exhibit A hereto.

7.      In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, ~~it shall be filed under~~ *the parties may file a motion to* seal with the Court.  The clerk of this Court is directed to maintain under seal all documents *✓ that the Court has ordered to be sealed.* ~~and transcripts of deposition testimony and answers to interrogatories, admission, and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as Confidential Information by a party to this action.~~

8.      A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 5 of this Protective Order.

9.      A Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

10.     In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) calendar days of receipt of such subpoena, court order, or request.  Such notification must include a copy of the subpoena, court order, or other form of request.  The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek

judicial protection from the enforcement of the subpoena and/or the entry of an appropriate protective order in the action in which the subpoena was issued.

11.     In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 5 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

12.     In lieu of destroying or returning all Confidential material and work product containing or referencing confidential material, Plaintiff may instead provide said documents to Defendants' attorneys in a sealed box or boxes clearly marked as confidential and appropriately labeled for identification purposes within 120 business days after conclusion of this action and any appeal thereof. Such documents shall be maintained in the sealed confidential box(es) by Defendants' attorneys in their Confidential status for the entirety of the time they are maintained by Defendants' attorneys, and shall not be accessed by Defendants' attorneys. Such documents shall also be maintained for a period of time no shorter than the statute of limitations applicable to malpractice actions under Minnesota law. After the applicable statute of limitations period for malpractice actions under Minnesota law has run, Defendants' attorneys must provide Plaintiff's attorneys at least fourteen (14) days notice that the sealed confidential box(es), as well as Defendants' previously produced Confidential documents, will be destroyed at a specified date and time. As far as the provisions of this or any other Protective Orders entered in this action restrict the use of Confidential Information, such Protective Orders shall continue to be binding after the conclusion of this action.

13.     The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial.  In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Protective Order.

14.     This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

15.     This Protective Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information.  If such a dispute arises, the party challenging the designation shall serve written notice of the challenge upon the Producing Party, specifying the Confidential Information being challenged and the reasons supporting the challenge.  The Producing Party will have 14 days to respond in writing.  The parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 7(h) before filing any motion with the Court.  Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such.

16.     If a party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or Parties that the material is privileged or immune from discovery, stating the

grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the alleged privileged documents, and shall immediately segregate them in a manner that will prevent further disclosure or dissemination or their contents. Within five (5) business days of receiving such notice, the Receiving Party shall return to the Producing Party such material and all copies thereof, provided that the Receiving Party may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

**SIGNED AND ENTERED** this _19_ day of _January_, 20_12_.

_____
**Honorable Orlando L. Garcia**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

KENT FARMER, as an individual and as a
representative of the classes,

    Plaintiff,

   v.

BANK OF AMERICA, N.A., BAC HOME
LOANS SERVICING, L.P.,

    Defendants.

Case No. 5:11-CV-00935-OLG

### UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

  I, the undersigned, do depose and state as follows:

1.  My address is _____ .  My current employer is

_____ .  My current occupation is _____ .

2.  I have received a copy of the Stipulated Protective Order ("Protective Order") in the

above-captioned action, and I have carefully read and understand the provisions of the Protective

Order.  I will comply with all the provisions of the Protective Order.  I will hold any information

designated "CONFIDENTIAL" in confidence, I will not disclose such information to anyone not

qualified under the Protective Order, and I will use such information for the purposes of this

action only.

3.  Promptly upon termination of this action, I will return all "CONFIDENTIAL" documents

and information to counsel for the party by whom I am employed or retained.

8

4.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

Signed under the pains and penalties of perjury, this ___day of _____, 20__.


_____                    _____
Signature                                 Printed Name