EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENT FARMER, as an individual and as a representative of the putative class, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL NO. 5:11-CV-00935-OLG |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P., | § § § | |
| *Defendants*. | § § | |

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement" or "Agreement") is made on this 19th day of April, 2013 by and between Plaintiff Kent Farmer ("Farmer" or "Representative Plaintiff"), individually and on behalf of the Settlement Class he proposes to represent (defined below) and Bank of America, N.A., in its own capacity and as successor by merger to BAC Home Loans Servicing, LP ("Bank of America") (together with Representative Plaintiff, the "Parties" or, individually, a "Party").  Subject to the terms and conditions hereof, the Parties, in consideration of the covenants and agreements set forth herein, agree to the settlement of this action, subject to approval of the Court, as defined below, and do hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on or about January 17, 2008, Farmer obtained a home equity loan from Bank of America (the "Loan"); and

WHEREAS, on or about May 13, 2011, Farmer filed a Class Action Complaint against Bank of America in the U.S. District Court for the Central District of California, Case No. 8:11-cv-00739 (the "Action"), alleging that Bank of America had breached his deed of trust by placing hazard insurance coverage on his property.

WHEREAS, Farmer also alleges Bank of America misrepresented to him that hazard insurance coverage was required by his loan documents, and further that Bank of America was unjustly enriched by the placement.

WHEREAS, on or about September 14, 2011, Farmer filed a Third Amended Class Action Complaint, asserting claims against Bank of America for breach of contract, fraud, and violation of Tex. Bus. & Com. Code § 17.41 *et seq.*;

WHEREAS, on November 8, 2011, the Action was transferred to the U.S. District Court for the Western District of Texas, Case No. 5:11-cv-00935;

WHEREAS, Bank of America denies any and all liability to Farmer and members of the Settlement Class, but nevertheless desires to settle the Action, and all claims that could have been alleged therein, on the terms set forth in this Agreement solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings;

WHEREAS Bank of America has ceased originating new mortgage loans using deeds of trust which include the language in Section 1.05 herein;

WHEREAS, Plaintiff and Class Counsel (defined below) have investigated the facts and law, including through formal and informal discovery, and have concluded that the Settlement is in the best interests of Plaintiff and the Settlement Class in order to avoid the risks and uncertainties of continuing these proceedings, and to assure meaningful benefits to the Settlement Class;

WHEREAS, this Agreement is the product of extensive meetings, discussion and negotiation by counsel knowledgeable and experienced in class action litigation, including a full-day, arm's-length mediation conducted under the supervision of mediator Thomas J. Smith, Esq. of San Antonio, Texas on December 4, 2012;

**NOW THEREFORE**, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

## ARTICLE I
## DEFINITIONS

Section 1.01. "Action" means *Farmer v. Bank of America, N.A., et al.*, No. 5:11-cv-00935 (W.D. Tex.).

Section 1.02. "Agreement" means this Settlement Agreement.

Section 1.03. "Administrative Costs" means any and all costs and expenses incurred by Representative Plaintiff or Class Counsel or the Settlement Administrator in connection with administering the Settlement and consummating the terms of this Agreement, including, but not limited to: (a) expenses associated with the preparation and filing of all tax reports and tax returns required to be filed for the Settlement Escrow Account; (b) payment of taxes owed by the Settlement Escrow Account; and (c) expenses associated with the preparation and issuance of any Forms 1099 associated with payments from the Settlement Escrow Account; (d) the fees and expenses of the Settlement Administrator; (e) the payment of any taxes incurred by the Settlement Fund; and (f) any and all other costs in connection with administering this Agreement, including the costs of all notices described herein.

Section 1.04. "Named Plaintiff Case Contribution Award" means the monetary amount, awarded by the Court to be paid from the Settlement Fund to Representative Plaintiff Farmer in

recognition of his assistance in the prosecution of this Action, and which shall not exceed Ten Thousand Dollars ($10,000.00).  Such Named Plaintiff Case Contribution Award may be in addition to amounts to which Plaintiff Farmer is otherwise entitled pursuant to this Agreement.

Section 1.05.  "Settlement Class" means all mortgagors whose mortgages were secured by real property in Texas to whom Bank of America sent a letter requesting proof of hazard insurance after May 13, 2007 and/or whose loans were actively being serviced by Bank of America as of October 16, 2012 and whose deeds of trust contain either of the following provisions:

> INSURANCE.  Notwithstanding any language to the contrary in this Homestead Lien Contract or in any Related Document, if this Homestead Lien Contract secures an extension of credit pursuant to Section 50(a)(6), Article XVI Texas Constitution, Lender does not require fire insurance with standard extended coverage endorsements on the property.
>
> or
>
> Except insurance against floods and flooding, Bank of America does not require Grantor to maintain insurance on the Property against loss by fire, hazards included within the term "extended coverage" and any other hazards.

Section 1.06.  "Class Counsel" means Nichols Kaster, PLLP.

Section 1.07.  "Class Loan" means a loan covered by the class definition as defined in Section 1.05.

Section 1.08.  "Class Member List" means the list of all known Class Members to be provided by counsel for Bank of America to Class Counsel and the Settlement Administrator in accordance with the terms and provisions of Section 4.07 hereof.

Section 1.09.  "Class Member" means a member of the Settlement Class.  Multiple mortgagors on the same loan will be treated as a single Class Member.

Section 1.10.  "Class Notice" or "Notice" means the form of notice of the Settlement to be provided to Class Members, in substantially the form attached hereto as Exhibit 1.

Section 1.11.  "Class Period" shall mean May 13, 2007, through the Effective Date.

Section 1.12.  "Complete Settlement Approval" means the last date on which all of the following have occurred:

(a)    The Court has issued all of the necessary orders under FED. R. CIV. P. 23 approving the Settlement in a manner substantially consistent with the terms and intent of this Agreement;

3

(b)     The Court enters a Final Approval Order and judgment finally approving the Settlement of the Action in a manner substantially consistent with the terms and intent of this Agreement; and

(c)     Either: (i) thirty-five (35) days have passed after entry of the Court's Final Approval Order and judgment and within such time, no appeal is taken, or (ii) all appellate remedies are exhausted and the Court's judgment is upheld, or not altered in a manner that is substantially inconsistent with the judgment, provided that any change or modification to the Final Approval Order that may increase Bank of America's liability or reduce the scope of the releases or of the Settlement Class shall provide Bank of America with the option to terminate the Settlement, subject to the terms set forth herein.

Section 1.13.  "Court" means the Honorable Orlando L. Garcia, United States District Judge for the Western District of Texas, and/or such other United States District Judge in the Western District of Texas to whom the Action may hereafter be assigned.

Section 1.14.  "Current LPI Category" means all Class Members who have Lender-Placed Insurance in effect as of the Effective Date.

Section 1.15.  "Cycle Letter" means a letter sent by Bank of America to a mortgagor indicating that the mortgagor is required to provide to Bank of America proof of hazard insurance or proof of additional hazard insurance.

Section 1.16.  "Pre-Distribution Spreadsheet" means a spreadsheet showing the following information  for each Class Loan

    a.  What Category(ies) each Class Member is in, or information sufficient to determine same;

    b.  The total amount, if any, that each Former LPI Class Member and Foreclosure Category Class Member was charged for Lender Placed Insurance during the Class Period;

    c.  Whether the mortgagor is "active" or "inactive" as of the Effective Date.

Section 1.17.  "Escrow Credit" means the dollar value equivalent of money credited to a mortgagor's active escrow account with Bank of America.  For the purposes of an attorneys' fee award, an Escrow Credit of one dollar shall be treated as equivalent to a check for one dollar.

Section 1.18.  "Effective Date" means the date upon which Complete Settlement Approval occurs.

Section 1.19.  "Final Approval Date" means the date upon which the Court signs and enters the Final Approval Order.

Section 1.20.  "Final Approval Hearing" means a hearing set by the Court for the purpose of (a) determining the fairness, adequacy and reasonableness of the Agreement's terms; (b) determining that the Agreement and associated Settlement satisfy all requirements of Federal

Rule of Civil Procedure 23, and all other applicable law; and (c) entering judgment in substantially the form attached hereto as Exhibit 4.

Section 1.21.  "Final Approval Order" means an order that finally and unconditionally grants final approval of the Settlement, grants final certification of the Class for settlement purposes only; authorizes payments to Participating Class Members (including the Representative Plaintiff), the Settlement Administrator and Class Counsel as provided in this Agreement; and fully and finally extinguishes the Released Claims of Participating Class Members.

Section 1.22.  "Foreclosure Category" means Class Members who had Lender-Placed Insurance placed at any time from May 13, 2007 to the Effective Date and on whose loans Bank of America has completed foreclosure prior to the Effective Date.

Section 1.23.  "Former LPI Category" means Class Members who had a Lender-Placed Insurance policy on or after May 13, 2007 that is no longer in effect on the Effective Date.

Section 1.24.  "Hazard Insurance" means homeowners' insurance protecting against loss by fire, wind and any other hazards excluding floods or flooding.

Section 1.25.  "Last Known Address" means the most recently-recorded mailing address for a Class Member, as such information is contained in Bank of America's electronic records, or as updated by the procedures set forth herein.

Section 1.26.  "Lender-Placed Insurance" means hazard insurance purchased by Bank of America on the mortgagor's behalf to insure the mortgagor's property that secures the mortgage, and on which Bank of America is the named insured.

Section 1.27.  "Notice Mailing Date" means the date that the Settlement Administrator mails the Class Notice to Class Members, and shall be completed no later than sixty (60) days after the Court enters the Preliminary Approval Order.  If the Settlement Administrator mails notice in batches on a staggered schedule, the Notice Mailing Date shall be the last date on which Class Notice is mailed.

Section 1.28.  "Opt-Out Deadline" means the date that occurs forty-five (45) days after the Notice Mailing Date, or such other date as ordered by the Court.

Section 1.29.  "Participating Class Members" means Class Members who do not submit valid Opt-Outs postmarked by the Opt-Out Deadline.

Section 1.30.  "Parties" means the Representative Plaintiff, the Settlement Class, and Bank of America.

Section 1.31.  "Preferred Category" means Class Members who received Cycle Letters from Bank of America from May 13, 2007 to the Effective Date and who subsequently purchased or maintained "preferred" hazard insurance from their own insurance carrier.

Section 1.32.  "Preliminary Approval Date" means the date on which the Preliminary Approval Order, or any other order(s) preliminarily approving the Settlement, are entered by the Court.

Section 1.33.  "Preliminary Approval Order" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement and the associated Settlement, in substantially the form attached hereto as Exhibit 3.

Section 1.34.  "Released Claims" means those claims released as stated in Section 6.02 of this Agreement.

Section 1.35.  "Released Person" means Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, and the other beneficiaries of the release contained in Section 6.02 of this Agreement.

Section 1.36.  "Representative Plaintiff" means Kent Farmer, and any other person who shall be appointed as such.

Section 1.37.  "Settlement" means the resolution of the matters within the scope of the releases set forth herein, as embodied in this Agreement and the Final Approval Order.

Section 1.38.  "Settlement Administrator" means Garden City Group.  The Settlement Administrator will administer the Class Notice and distribute the Settlement Fund.

Section 1.39.  "Settlement Escrow Account" means the fund established by the Settlement Administrator to hold all moneys paid by Bank of America for: 1) checks to Participating Class Members as provided for herein; 2) Court approved attorneys' fees; 3) Court approved litigation costs and expenses incurred by Class Counsel ("Litigation Costs"); 4) Court approved Named Plaintiff Case Contribution Award; and 5) Administrative Costs.

Section 1.40.  "Settlement Fund" means the total sum of moneys and escrow credits paid pursuant to Section 2.01.

Section 1.41.  "Stale Item" shall mean a check which is issued to a Class Member pursuant to this Agreement which has not been negotiated within 180 days of its issuance.

Section 1.42.  "Successful Opt-Out" means any person or persons who timely and validly exercise their right to opt-out of the Settlement Class, pursuant to Section 4.13 hereof and FED. R. CIV. P. 23, but shall not include, in the discretion of the Parties, (a) persons whose Opt-Outs are challenged by Bank of America and the challenge is not overruled by the Court or withdrawn by Bank of America; (b) persons whose communications are not treated as an Opt-Out, as provided in Section 4.13 hereof; and (c) persons who purport to opt-out of the Settlement as a group, aggregate or class, or on whose behalf such a purported Opt-Out is attempted through the submission of one (1) Opt-Out notice.

Section 1.43.  Other terms may be defined elsewhere in this Agreement and, unless otherwise indicated, shall have such meaning throughout this Agreement.

## ARTICLE II
## MONETARY RELIEF AND ESCROW ACCOUNT CREDITS

Section 2.01.  In full settlement of Representative Plaintiff's and the Participating Class Members' claims against Bank of America, Bank of America has agreed to provide the following consideration to the Settlement Class:

(1)  Bank of America will provide Current LPI Category Class Members the option to (a) flat cancel (retroactively cancel to the effective date) and receive a credit equal to 100% of the premium amount charged for their current Lender-Placed Hazard Insurance policy, or (b) cancel the remaining term of their current Lender-Placed Hazard Insurance policy and receive a credit equal to any unused premiums for the cancelled policy.

If a Current LPI Category Class Member does not elect option (a) or (b), Bank of America will not, and is under no obligation to, cancel that Class Member's Lender-Placed Hazard Insurance policy or issue any refund(s), by credit or otherwise, to that Class Member.  Pursuant to the terms of this Agreement, however, Bank of America will not, and is under no obligation to, renew any such Lender-Placed Hazard Insurance policy.

These benefits to Current LPI Category Class Members will be made available in the form of credits to Current LPI Category Class Members' escrow accounts, or in the event their account with Bank of America is closed on the date escrow credits are to be made, by check.  Bank of America has agreed to pay $500,000 as attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and Administrative Costs on behalf of the individuals eligible for this relief.  This amount represents approximately one third of the estimated potential value to the Settlement Class of the escrow credits and checks made available.  The escrow credits and checks to Current LPI Category Class Members shall not be subject to reduction for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, or Administrative Costs.

(2)  Bank of America will provide Former LPI Category Class Members 60% of the amount charged for any Lender-Placed Insurance policy that was in place during the Class Period and is no longer in effect on the date of Final Settlement Approval, less Court approved reduction for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and Administrative Costs.  This settlement benefit will be made available in the form of credits to Former LPI Category members' escrow accounts (for active mortgagors with escrow accounts) or checks to Former LPI

Category members (whose accounts are no longer active or who otherwise do not have escrow accounts).

(3)     Bank of America will provide Foreclosure Category Class Members with 30% of the amount charged for Lender-Placed Insurance policies in place during the Class Period less Court approved reduction for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and Administrative Costs. This benefit will be made available in the form of checks to Foreclosure Category mortgagors.

(4)     Bank of America will provide members of the Preferred Category with an additional amount of $2.16MM less Court approved reduction for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award and Administrative Costs. Preferred Category Class Members shall receive payments on a claims-made basis. The claim form Preferred Category Class Members must submit is attached hereto as Exhibit 2. Preferred Category Class Members shall have no less than forty five (45) days from the Notice Mailing Date to postmark a claim form ("Claims Deadline"). Payments to Preferred Category members shall be made available in the form of checks. The payment to any given Class Member shall not exceed premiums paid by that Class Member for Hazard Insurance after receipt of a Cycle Letter ("Eligible Preferred Insurance Premiums"). In the event that claims are submitted for Eligible Preferred Insurance Premiums in an amount which exceeds the $2.16MM as reduced for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award and Administrative Costs, then payments shall be made to Preferred Category Participating Class Members *pro rata* in proportion to the amounts sought by Preferred Category Class Members for Eligible Preferred Insurance Premiums.

A given Class Member may be eligible to receive cumulative settlement benefits in more than one category, except in the case of Foreclosure Category Class Members, who shall not be eligible for any settlement benefits contained in Section 2.01(1), 2.01(2), or 2.01(4) in connection with the Class Loan which is in the Foreclosure Category.

Section 2.02.   Subject to and in accordance with the terms and conditions of this Agreement, the Settlement Administrator shall provide to each Participating Class Member whose account with Bank of America is not active his, her, or its distribution of the Settlement Escrow Fund by check. Active Preferred Category Class Members who file claim forms shall also receive payments to which they are entitled by virtue of being Preferred Category Class Members by check. All such checks shall expire 180 days after the date on which checks are first issued, and shall indicate same.

Section 2.03. In the case of Class Members who have active escrow accounts with Bank of America (other than Active Preferred Category Class Members), Bank of America will provide a credit to the Class Member's escrow account.

Section 2.04.  The amount of Participating Class Members' checks and/or escrow credits shall be calculated by Class Counsel and the Settlement Administrator based on the Court's Final Approval Order, any order setting forth payments for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, or Administrative Costs, and shall be based on data included in the Pre-Distribution Spreadsheet.

## ARTICLE III
## PROSPECTIVE RELIEF

Section 3.01.  On or before thirty (30) days following Final Approval, Bank of America shall, with respect to Class Loans without active Lender-Placed Hazard Insurance:

> (1)    stop distributing "Cycle Letters" or other communications to Class Members in connection with their Class Loans which inform Class Members that:

>> (a) their Class Loans with Bank of America require Hazard Insurance;

>> (b) they are required to provide proof of Hazard Insurance to Bank of America; and/or

>> (c) Bank of America will lender-place Hazard Insurance.

> (2)    no longer purchase Lender-Placed Insurance for Class Members in connection with their Class Loans; and

> (3)    refrain from distributing Cycle Letters or purchasing Lender-Placed Insurance in connection with any Class Loan at any point in time during the life of the Class Loan.

Section 3.02.  On or before fourteen (14) days following the Effective Date, Bank of America shall distribute a letter and election form to all members of the Current LPI Class. Class Members in the Current LPI Class shall have sixty (60) days from the Effective Date to postmark a response to the letter.

## ARTICLE IV
## SETTLEMENT PROCEDURES

## A.    Preliminary Approval

Section 4.01.  As soon as practicable after the execution of this Agreement, Class Counsel shall move the Court for an order substantially in the form attached hereto as Exhibit 3 ("Preliminary Approval Order"): (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable and adequate; (b) certifying the Settlement Class for settlement purposes only, as defined herein; (c) setting a date for the Final Approval Hearing no earlier than ninety (90) days from the date when the Class Notice is to be mailed; (d) approving the proposed Class Notice substantially in the form attached hereto as Exhibit 1, and authorizing its

dissemination; (e) setting deadlines consistent with this Agreement for mailing the Class Notice, opting-out of, or objecting to, the Settlement, and filing papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement and Settlement procedures; (f) approving the Plan of Allocation as contemplated by Article V of this Agreement; (g) appointing Kent Farmer as Representative Plaintiff; (h) appointing Nichols Kaster, PLLP as Class Counsel; and (i) appointing Garden City Group as the Settlement Administrator.  Bank of America will not oppose the entry of the motion for Preliminary Approval so long as it is consistent with the terms of this Agreement.

## B.     Settlement Administrator

Section 4.02.  Subject to Court approval, Garden City Group shall serve as the Settlement Administrator.

Section 4.03.  The Settlement Administrator must demonstrate data security capabilities sufficient to satisfy Bank of America and Office of the Comptroller of the Currency ("OCC") standards.

Section 4.04.  The Settlement Administrator will be responsible for locating Class Members, mailing the Class Notice, processing Opt-Out requests, responding to Class Member inquiries, sending Class Members' checks, and performing such other duties as are described in this Agreement or as the Parties may mutually direct.

Section 4.05.  The actions of the Settlement Administrator shall be governed by the terms of this Agreement and by Court orders issued in connection herewith.  Class Counsel and counsel for Bank of America may provide relevant information needed by the Settlement Administrator per this Agreement and engage in related communications with the Settlement Administrator, provided that notice and copies of said information and communications are provided to all Parties.

## C.     Notice to Class Members

Section 4.06.  The Class Notice shall be mailed via the United States Postal Service ("U.S.P.S."), postage pre-paid.  The Class Notice and its envelope or covering shall be marked to denote the return address of the Settlement Administrator.  The outside of the envelope shall state "IMPORTANT LEGAL NOTICE; BANK OF AMERICA CLASS ACTION SETTLEMENT INFORMATION IS ENCLOSED HEREIN."

Section 4.07.  Within forty-five (45) days of the Preliminary Approval Date, counsel for Bank of America shall provide to Class Counsel and the Settlement Administrator the Class Member List.  In preparing the Class Member List, Bank of America shall have no obligation to look beyond information obtainable from Bank of America's readily-searchable computer media and loan documents.  The Class Member List shall specify:

(1)     the names of the mortgagor(s) for each Class Loan;

(2)     the address of the property securing the Class Loan; and

10

(3)  the last known mailing address associated with the Class Loan (if different from the property address);

(4)  whether the mortgagor was sent a cycle letter during the Class Period;

(5)  the current status of the loan (active or inactive).

The Settlement Administrator shall utilize current U.S.P.S. software and/or National Change of Address ("NCOA") searches to update the address records so that a Class Member's most recent address will be utilized for mailing purposes.  If Bank of America's records and U.S.P.S./NCOA records indicate different addresses for a mortgagor, and if neither address is the address of the mortgaged property, and if the loan is an active loan, then notice shall be sent to the address Bank of America has on file, the address of the mortgaged property, **and** the most up to date address from U.S.P.S and/or NCOA.  If Bank of America's records or U.S.P.S./NCOA searches indicate that co-obligors on a loan reside at separate addresses, the Settlement Administrator will send a notice to each address where a co-obligor is believed to reside.  For inactive loans, if the most recent address cannot be identified, the Last Known Address will be utilized.

Section 4.08.  The Class Member List and its contents shall be used by Class Counsel and the Settlement Administrator solely for the purpose of performing their respective obligations pursuant to this Agreement, and shall not be used for any other purpose at any time.  Neither the Class Member List, nor the information contained in it, shall be reproduced, copied, stored, or distributed in any form, electronic or otherwise, by Class Counsel and shall be subject to return or destruction pursuant to Section 8.16 of this Agreement.

Section 4.09.  The cost of providing Notice of the Settlement to each person on the Class Member List, as well as the costs of the Settlement Administrator, including, without limitation, postage costs, and data processing, shall be paid solely from the Settlement Escrow Account and Bank of America shall have no additional obligation or liability with respect to such costs or expenses.  The Parties, in good faith, will endeavor to minimize these costs to the extent possible or prudent.

Section 4.10.  No later than sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator shall provide Notice of this Settlement and the Final Approval Hearing to all Class Members by mailing a copy of the Class Notice to all Class Members, substantially in the form attached hereto as Exhibit 1.  Prior to the Final Approval Hearing, Class Counsel shall serve and file a sworn statement of the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval Order concerning the mailing of the Class Notice.

Section 4.11.  In the event that a Class Notice is returned to the Settlement Administrator by the U.S.P.S. because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Class Notice to the forwarding address within seven (7) days of receiving such information.

Section 4.12.  In the event that subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Opt-Out Deadline, a Class Notice is returned to the Settlement Administrator by the U.S.P.S. because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender," and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Class Notice within seven (7) days of receiving such information.

Section 4.13.  The Class Notice shall inform each Class Member of his, her, or its right to opt-out of, or elect not to be a part of, the Settlement Class and not to be bound by this Agreement, if, by the Opt-Out Deadline, the Class Member mails a notice of intention to opt-out (in no particular format, but which contains the words "opt-out," "exclusion," or words to that effect clearly indicating an intent not to participate in the Settlement, and includes the Class Member's name, address, telephone number, and loan number (if available) to the Settlement Administrator.  The Parties shall agree as to whether a communication from a Class Member is a request to Opt-Out, and shall inform the Court of their position at the Final Approval Hearing if necessary and/or appropriate.   In no event shall persons who purport to Opt-Out of the Settlement as a group, aggregate, or class involving more than one Class Member be considered Successful Opt-Outs.

Section 4.14.  Unless the Court directs otherwise, the Class Notice shall provide that requests by any Class Member to opt-out of the Settlement be mailed to the Settlement Administrator and be postmarked by the Opt-Out Deadline, or be forever barred.  In the event that more than one (1) person is obligated on a Class Loan, all of the obligors must submit Opt-Outs by the Opt-Out Deadline in order to designate a Class Loan as a Successful Opt-Out. Unless a Class Member is deemed a Successful Opt-Out, then the Class Member will be deemed a Participating Class Member, subject to the terms of this Agreement.

Section 4.15.  Class Counsel or counsel for Bank of America may dispute or object to an Opt-Out or purported Opt-Out, including an attempt to opt-out as a group, aggregate or class, within twenty-one (21) days of the opt-out deadline.  The Court shall retain jurisdiction to resolve such disputes.  Any decision by counsel for Bank of America not to dispute an Opt-Out or purported Opt-Out shall not be a waiver, determination or preclusive finding against Bank of America as to the truth of the facts in any proceeding other than this Action or of the facts with respect to any other Class Member.

Section 4.16.  The Class Notice shall inform each Class Member that any Class Member who does not Opt Out of this Agreement may appear at the Final Approval hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and Litigation Costs and/or the Named Plaintiff Case Contribution Award, but only if the Class Member has first filed a written objection with the Clerk of Court by the Opt-Out Deadline and mailed a copy of the objection to Class Counsel and counsel for Bank of America as prescribed in the Class Notice.  Any Class Member who intends to appear personally (or through

separate counsel if a timely and proper Entry of Appearance is filed) to object to the Settlement on any grounds whatsoever must file with the Clerk of the Court, at the address listed above, a Notice of Intention to Appear.  The Notice of Intention to Appear must be filed (or, if mailed, postmarked) on or before the Opt-Out Deadline.  Any Class Member who does not provide a timely written objection in the manner prescribed in the Preliminary Approval Order shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement and the award of attorneys' fees and Litigation Costs and the Named Plaintiff Case Contribution Award.

Section 4.17.  In order to be considered valid, an objection must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objection is made by a Class Member; (b) include a statement of such Class Member's specific objections; (c) state the grounds for such objections; (d) identify all documents which the objector desires the Court to consider; (e) include an address where the objector may be served; and (f) if the objector is represented by counsel, the name of such counsel.

Section 4.18.  For a period of three hundred and sixty (360) days after the Preliminary Approval Date, or two hundred and twenty-five (225) days after the Effective Date, whichever is longer, the Settlement Administrator shall maintain, at its expense, a post office box or address, as well as a functioning e-mail address, to receive communications in connection with the Settlement.

## D.     <u>Final Approval</u>

Section 4.19.  At the time determined by the Court, the Representative Plaintiff shall move the Court for an order substantially in the form attached hereto as Exhibit 4 ("Final Approval Order") finally approving the Settlement and this Agreement as fair, reasonable and adequate; giving the terms of the Settlement final and complete effect; finding that all requirements of statute, rule and Constitution necessary to effectuate this Settlement have been met and satisfied; and otherwise entering final judgment of dismissal on the merits and with prejudice in the Action.  Bank of America agrees not to oppose the entry of the Final Approval Order.

Section 4.20.  The Motion for Final Approval will request that the Court enter the Final Approval Order, or a separate order, providing that all Participating Class Members, including Representative Plaintiff, and Class Counsel, shall be enjoined from bringing, joining, or continuing to prosecute any suit against the Released Person with respect to the conduct, services, acts or omissions of the Released Person relating to all matters within the scope of the Release in Article VI of this Agreement.  However, before Bank of America may sue any Participating Class Member for a breach of this obligation not to bring, join, or continue to prosecute any such suit, Bank of America shall be required to provide the Participating Class Member with written notice of the breach and a fourteen (14) day opportunity to cure the breach.

## E.     <u>Attorneys' Fees, Litigation Costs, Named Plaintiff Case Contribution Award, Settlement Administration.</u>

Section 4.21.  At the same time that Representative Plaintiff moves the Court for Final Approval, Representative Plaintiff and Class Counsel shall also make separate written motion(s) for attorneys' fees, Litigation Costs, and a Named Plaintiff Case Contribution Award.

Section 4.22.  Class Counsel agree not to seek an award of attorneys' fees in excess of one-third of the value of the Settlement Fund (the "Agreed Amount").  Bank of America agrees not to oppose any motion that such an award be entered in the Action.  Bank of America shall not be obligated to pay any award of attorneys' fees that individually or collectively is in excess of the Agreed Amount.  Representative Plaintiff and Class Counsel expressly disclaim any and all right to collect in excess of the amount actually awarded by the Court or the Agreed Amount, whichever is less, for attorneys' fees collectively from any person or entity, and agree, upon demand, to execute a release of any person's or entity's obligation to pay such sums.  The Parties agree that the Agreed Amount shall be determined as follows:

1.  for attorneys' fees relating to the Current LPI Category, Class Counsel may seek up to $500,000;

2.  for attorneys' fees relating to the Former LPI Category and the Foreclosure Category, Class Counsel may seek attorneys' fees of up to one-third of the value of the escrow credits and checks provided for herein;

3.  for attorneys' fees relating to the Preferred Category Class Counsel may seek up to $712,800;

4.  for purposes of the attorneys' fee request, the Parties agree that escrow credits have the same dollar value as checks, i.e. $1 check = $1 escrow credit.

Section 4.23.  Class Counsel agree not to seek an award of Litigation Costs, payable from the Settlement Fund, in excess of actual and reasonable Litigation Costs.  The award sought may include amounts not yet paid to the Settlement Administrator but which are reasonably anticipated at the time of the Final Approval Hearing.  Bank of America agrees not to oppose any motion that actual and reasonable Litigation Costs, as well as reasonably anticipated Administrative Costs, be entered in the Action.  Such amounts shall be in addition to any award of attorneys' fees.  Representative Plaintiff and Class Counsel expressly disclaim any and all right to collect in excess of the amount awarded by the Court for Litigation Costs and Administration Costs, and agree, upon demand, to execute a release of any person's or entity's obligation to pay such sums.

Section 4.24.  Class Counsel agree not to seek a Named Plaintiff Case Contribution Award for Representative Plaintiff Farmer in excess of Ten Thousand Dollars ($10,000.00) (payable from the Settlement Fund), and Bank of America agrees not to oppose any motion that such an award, not to exceed Ten Thousand Dollars ($10,000.00), be entered in the Action. Bank of America will not oppose a request by Class Counsel that Plaintiff Farmer's Named Plaintiff Case Contribution Award be in addition to amounts to which Plaintiff Farmer is otherwise entitled pursuant to this Agreement.

Section 4.25.  Class Counsel's motion for attorneys' fees, Litigation Costs, and a Named Plaintiff Case Contribution Award, shall propose that deductions for attorneys' fees, Litigation Costs, the Named Plaintiff Case Contribution Award, and the Administrative Costs be made from the escrow credits and Participating Class Member check payments provided for in this Settlement Agreement in a manner which is proportionate to the relief afforded to the Participating Class Member categories set forth herein.  Bank of America agrees that the value of relief to the Current LPI Category mortgagors is $1.5MM and has agreed to pay $500,000 into the Settlement Escrow Account to represent the Current LPI Category's proportionate share of attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and Administrative Costs.    Accordingly, Class Counsel's motion for attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and Administrative Costs shall not propose any reduction to the escrow credits made available to Current LPI Class members and shall not seek in excess of $500,000 as the Current LPI Category's proportionate share of attorneys' fees, Litigation Costs, a Named Plaintiff Case Contribution Award, and Administrative Costs.

Section 4.26.  Bank of America agrees to provide Class Counsel, at least forty-five (45) days prior to the Final Approval Hearing, with reliable estimates of the total number of Class Members, as well as the number of Class Members estimated to be in the Foreclosure Category and the Former LPI Category as of the Effective Date.  Bank of America shall also provide an estimate of the gross dollar value of the escrow credits and checks that will be provided to each of those Categories.  Class Counsel may submit these estimates in support of Class Counsel's motion for attorneys' fees, Litigation Costs, a Named Plaintiff Case Contribution Award, and Administrative Costs.

Section 4.27.  At or before the Final Approval Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the entry of the Final Approval Order, and shall present such evidence as they deem appropriate to support any award of attorneys' fees and Litigation Costs.

Section 4.28.  If the Court awards less than Class Counsel request for attorneys' fees, Litigation Costs, and/or a Named Plaintiff Case Contribution Award, any amounts not awarded will remain part of the Settlement Fund and be distributed *pro rata* to Participating Class Members in the Former LPI, Foreclosure and Preferred Categories.

## ARTICLE V
## SETTLEMENT ESCROW ACCOUNT AND SETTLEMENT PAYMENTS

**Establishment of the Settlement Escrow Account.**

Section 5.01.  Not later than five (5) days after entry of the Preliminary Approval Order, Class Counsel shall direct the Settlement Administrator to: (a) establish at a federally-insured financial institution (the "Financial Institution") an account for the purpose of holding all portions of the Settlement Fund which are to be paid in a manner other than by the provision of escrow credits to active mortgagors.  This fund, shall be referred to as the "Settlement Escrow Account"; and (b) provide notice to Bank of America of the information needed to make a deposit into the Settlement Escrow Account.  The monies payable to the Settlement Escrow

15

Account, and the escrow credits provided to mortgagors' mortgage accounts, shall be considered a common fund created as a result of the Action.

Section 5.02.   Class Counsel and/or the Settlement Administrator shall structure and manage the Settlement Escrow Account to qualify as a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder.

**Payment Distribution.**

Section 5.03.   In order to effectuate the provision of Settlement Payments:

(1)      Within fourteen (14) days following the date on which the Final Approval Order is entered, the Settlement Administrator shall prepare a Distribution List, which list shall be the Class Member List (i) with names omitted where the Class Notice to a Class Member was returned by the U.S.P.S. and not successfully redelivered or the Class Member was a Successful Opt-Out and (ii) with names omitted to reflect the resolution of disputed Opt-Outs or purported Opt-Outs in accordance with the provisions of Sections 1.42, 4.13, and 4.15.  The persons on the Distribution List shall be the Participating Class Members.

(2)      Within five (5) days of its preparation, the Distribution List shall be provided to Bank of America and Class Counsel.

(3)      Within twenty-one (21) days of the Effective Date, Bank of America will provide to the Settlement Administrator the Pre-Distribution Spreadsheet.

**Funding the Settlement Escrow Account**

Section 5.04.   Bank of America will fund the Settlement Escrow Account as follows:

(1)      Not later than ten (10) business days after the establishment of the Settlement Escrow Account, Bank of America will deposit estimated Administrative Costs associated with Class Notice.

(2)      Within twenty-eight (28) days of the Effective Date, Bank of America will deposit funds sufficient to pay the total sum of Court approved attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and any remaining Administrative Costs.

(3)      Within twenty-eight (28) days of the Effective Date, Bank of America will deposit funds sufficient to pay $2.16MM in settlement benefits to Preferred Category Class Members, less reductions for Court approved attorneys' fees, Litigation Costs, Named Plaintiff Case Contribution Award, and any remaining Administrative Costs;

16

(4)     Within twenty-eight (28) days after the Effective Date, Bank of America will deposit funds sufficient to fund all payments to Former LPI and Foreclosure Category mortgagors who are entitled to payment by check.

(5)     Within forty-two (42) days of the response deadline for members of the Current LPI Category, Bank of America will deposit funds sufficient to fund all payments to Current LPI Category mortgagors who are entitled to payment by check.

**Distributions from the Settlement Escrow Account.**

Section 5.05.  Class Counsel shall have disbursement authority over the Settlement Escrow Account.

Section 5.06.  Class Counsel, as set forth herein, shall direct the Settlement Administrator in writing to disburse money from the Settlement Escrow Account.  The Settlement Escrow Account will be used to pay:

(1)     The Settlement Payments of the Participating Class Members which are to be made by check, as awarded by the Court and subject to the procedures set forth herein;

(2)     The attorneys' fees and Litigation Costs of Class Counsel, as awarded by the Court;

(3)     The Named Plaintiff Case Contribution Award of Representative Plaintiff Farmer, as approved by the Court; and

(4)     Administrative Costs.

Prior written notice of all disbursements shall be provided to Defendants' counsel.

**Timing and Form of Payments Made By Check.**

Section 5.07.

(1)     Within forty-two (42) days of the Effective Date, the Settlement Administrator shall mail to every Participating Former LPI Category and Foreclosure Category Class Member without an active account with Bank of America a check in the amount of the Settlement Payment to which that Participating Class Member is entitled hereunder on account of a Class Loan to the Participating Class Member's Last Known Address.  The Settlement Administrator shall mail checks to Current LPI Category mortgagors within twenty-one (21) days of Bank America making the deposit required by Section 5.04(5).  In the event that there are multiple Participating Class Members listed as co-obligors on a Class Loan who are entitled to relief under this Agreement on account of the same Class Loan and there are multiple addresses listed for those

17

Participating Class Members, the check shall be mailed to the Last Known Address associated with the primary mortgagor.

(2)     Aside from a lost, discarded or destroyed check, the Settlement Administrator shall not be permitted to make multiple Settlement Payments to co-obligors who are entitled to relief under this Agreement on account of the same Class Loan, but, in such cases, shall make only one (1) Settlement Payment jointly to all such co-obligors.  Bank of America, Representative Plaintiff, and their respective counsel, shall have no liability to any co-obligor arising from any claim regarding the division of such funds among co-obligors.  A Participating Class Member (joint or several) with two or more Class Loans shall be entitled to a separate Settlement Payment for each Class Loan.  If the Settlement Administrator issues a replacement check in response to a Class Member request due to a lost, discarded, or destroyed check, the expiration date on the replacement check shall remain the same as the expiration date on the original check.

(3)     Settlement Payments to any Participating Class Members that are delayed because of a disputed Opt-Out or purported Opt-Out or a dispute with respect to how a Class Member shall be treated, shall not be made on the schedule set forth in Section 5.06(1), but instead shall be made promptly by the Settlement Administrator if and when finally the dispute is resolved favorably to the Class Member.

(4)     All Settlement Payment checks issued pursuant to this Agreement shall be void and treated as never owed if not negotiated within one hundred and eighty (180) days of their original date of issue, and shall contain a legend to such effect.

(5)     Subject to its obligations in Section 4.07, the Settlement Administrator shall have no duty to locate Class Members.

**Timing of Escrow Credits.**

Section 5.08.  As to Class Members in the Foreclosure Category and/or Former LPI Categories whose Class Loan with Bank of America is active as of the date of the Effective Date, Bank of America shall, within forty-two (42) days of the Effective Date, credit such escrow account with the amount to which the Class Member is entitled hereunder on account of a Class Loan.

As to Class Members in the Current LPI Category who respond to the letter required by Section 3.02 herein within sixty (60) days of the Effective Date, Bank of America shall, within forty-two (42) days of the response deadline, credit such escrow account with the amount to which the Class Member is entitled hereunder.

**Unused Funds and Other Limitations.**

Section 5.09.  Any unused funds in the Settlement Escrow Account after the benefits to Participating Class Members, attorneys' fees and Litigation Costs, Named Plaintiff Case

Contribution Award, and Administration Costs are paid, and after all checks issued have become Stale Items shall revert to Bank of America.

Section 5.10.   All costs not provided for herein that Bank of America incurs related to the Settlement shall be borne by Bank of America.  All Litigation Costs not provided for herein that Representative Plaintiff or the Settlement Class incur related to the Settlement shall be borne by Class Counsel.

Section 5.11.   Any Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period may only participate in the Settlement subject to applicable bankruptcy law and procedures.  Bank of America is under no obligation to notify any bankruptcy court that has, had or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Class Member's bankruptcy proceedings of this Agreement and the Settlement or the benefits conferred by the Agreement and the Settlement.

## ARTICLE VI
## RELEASES

Section 6.01.   Upon the date when the Final Approval Order is entered, the Parties agree that this Action shall be dismissed with prejudice, with all Parties to bear costs and expenses not otherwise awarded.

Section 6.02.   Upon the date when the Final Approval Order is entered, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Participating Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government seeking actual damages or disgorgement on behalf of a Class Member or Class Members), shall be deemed to have completely released and forever discharged Bank of America from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, without limitation, those known or unknown, from the beginning of the world until today, and including without limitation those that arise out of common law, state law, or federal law, that the Class Members have relating to Bank of America's requirement that mortgagors maintain Hazard Insurance issued in connection with a loan covered by this Settlement, including, but not limited to, any claims regarding Lender-Placed Hazard Insurance, Cycle Letters, or the purchase of preferred insurance, including any claims of any Current LPI Category Class Member relating to the maintenance of insurance prior to Bank of America's receipt of a written election to cancel such insurance (the "Released Claims").  This release shall specifically apply to bar any further dispute about the matters that are within the scope of this release, including the breach of contract, fraud, unjust enrichment, and violation of Tex. Bus. & Com. Code § 17.42 *et seq.* claims that form the basis of the Action, whether such dispute or issue may arise or be raised in a case filed after the Preliminary Approval Date.

## ARTICLE VII
## COVENANTS, REPRESENTATIONS AND WARRANTIES

Section 7.01.  In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23.  Until and unless this Agreement is terminated or becomes null and void by its own terms or unless otherwise ordered by the Court or if the Effective Date is not achieved, Representative Plaintiff, the Settlement Class and Class Counsel represent and acknowledge to Bank of America that they shall use their best efforts to cause the Court to grant Preliminary Approval and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to Opt-Out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement, including, without limitation, (a) the obligation to oppose objections, not cooperate with objectors or prospective opt-outs, and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional plaintiff parties, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the orders set forth in Sections 1.21 and 1.33 hereof; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Bank of America, subject to the Court's consent, not to be unreasonably withheld.

Section 7.02.  Representative Plaintiff and Class Counsel represent and warrant that the term "Class Counsel" as defined in Section 1.06 of this Agreement includes all persons (natural or legal) having any interest in any award of attorneys' fees or Litigation Costs in connection with the Action.  Representative Plaintiff and Class Counsel represent and warrant that any motion and/or application that they file requesting an award of attorneys' fees and Litigation Costs shall include within its scope all attorneys and law firms with a financial interest in any such award.  Representative Plaintiff and Class Counsel represent and warrant that they have authority to bind Class Counsel to the provisions of Article IV, Part E hereof.

Section 7.03.  Representative Plaintiff, Class Counsel and Bank of America represent and warrant that they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein.  Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he, she or it is and has been fully authorized to do so by such Party.  Each Party hereto further represents and warrants that he, she or it intends to be bound fully by the terms of this Agreement.

Section 7.04.  Representative Plaintiff and Class Counsel represent and warrant that they have not, nor will they (a) opt-out of the Settlement under this Agreement; (b) solicit, encourage or assist in any fashion Class Members to opt-out of the Settlement under this Agreement; or (c) solicit, encourage or assist in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement.

20

Section 7.05.   If any person, legal or natural, breaches the terms of any of the representations and warranties in this Article, he, she, or it shall be fully liable for all damages he, she, or it caused, including legal fees and costs reasonably incurred as a consequence of the breach, to any adversely affected Party.  Any adversely affected Party may institute a proceeding before the Court to recover all sums due and owing under this paragraph, and to seek additional equitable relief as the Court deems proper and just, and the Court shall retain jurisdiction over this matter to entertain such proceedings

## ARTICLE VIII
## MISCELLANEOUS PROVISIONS

Section 8.01.   This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken or document executed to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any Released Claim. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Bank of America in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (ii) is or may be deemed to be used as an admission of the appropriateness or inappropriateness of class certification for trial or dispositive motion proceeding; or (iii) is or may be deemed to be or may be used as a waiver of Bank of America's right to challenge class certification if the Parties cannot obtain Final Approval for any reason; or (iv) is or may be deemed to be or may be used as a waiver of Representative Plaintiff's right to seek class certification if the Parties cannot obtain Final Approval for any reason.  Bank of America may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment lien or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Bank of America denies the allegations in the Action and contends that its conduct has been lawful and proper.

Section 8.02.  This Agreement is entered into only for purposes of Settlement.  In the event that the Court enters an order preliminarily or finally approving the Settlement of the Action in a manner that is inconsistent with the terms and intent of this Agreement, the Parties shall meet and confer in good faith as to the modifications.  If, after meeting and conferring in good faith, either Party determines the modifications materially alter the terms and intent of this Agreement, or if the Court refuses to grant Final Approval of this Agreement, then, subject to Sections 8.04, and 8.06, either Party shall have the option to terminate this Agreement.

Section 8.03.  If this Agreement is not finally approved or is otherwise terminated, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement, shall have no effect and shall not be admissible evidence for any purpose.  Any orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement, shall not be considered as law of the case,

21

*res judicata*, collateral estoppel, or have any other preclusive effect in this or any other proceeding, and this Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Bank of America for the matters alleged in the Action or for any other purposes.

Section 8.04.  If Final Approval is not obtained or obtainable, Bank of America shall have the option to modify the terms of this Agreement to cure the event giving rise to the termination or to obtain Final Approval so long as Representative Plaintiff and Participating Class Members are not adversely affected by the cure.  If Representative Plaintiff and Participating Class Members are not adversely affected by the cure, Representative Plaintiff must ratify the cure.  If Bank of America exercises this option, Bank of America shall serve written notice to that effect on Class Counsel.  If the event giving rise to the termination is thereby cured and Complete Settlement Approval is obtained, Representative Plaintiff, Class Counsel, and Participating Class Members will be bound by the terms of the Agreement as modified.  This Court will retain jurisdiction and will retain final authority to resolve any dispute regarding the effect of a proposed cure.

Section 8.05.  This Agreement shall be terminable at the option of Bank of America (a) if the Successful Opt-Outs number more than one percent (1.0%) of the Settlement Class; (b) if the intentions expressed in Sections 1.42 or 4.13 are frustrated by any assertion by a governmental entity or court; (c) if the Court or any other court permits a person or persons to opt-out as a representative or otherwise to exercise or preserve the Opt-Out or substantive rights of others.  If the total number of class members who received cycle letters exceeds 26,500 the parties will work in good faith to make a *pro rata* adjustment to the monetary relief to be provided to the Preferred Category. This agreement also shall be terminable upon the mutual agreement of Representative Plaintiff and Bank of America.

Section 8.06.  In the event that the Court declines to grant Final Approval to the Settlement, Bank of America agrees that this Agreement is not terminated so long as the Representative Plaintiff timely appeals or petitions for review.  The Settlement will remain effective during the pendency of any such appeal or petition.  If the Court grants Final Approval of the Settlement, but approves an award of attorneys' fees in an amount less than the Agreed Amount, or awards less than Class Counsel's requested Litigation Costs, or awards less than the requested Named Plaintiff Case Contribution Award, this Agreement shall remain in full force and effect, and Class Counsel and Named Plaintiff Farmer shall accept such lesser award of attorneys' fees and Litigation Costs, subject only to their right to appeal any such award by the Court and with the express understanding that the Settlement Escrow Account cannot be determined or distributed pursuant to the Parties' plan of allocation until such appeal has been resolved.

Section 8.07.  The obligations of Bank of America with respect to the provision of the Settlement Payments, including their activities with respect to the Class Member List and/or the Pre-Distribution Spreadsheet or their assistance to the Settlement Administrator therewith, shall be performed reasonably and in good faith, subject to the further proviso that the terms of the Settlement and any Court orders shall control.  So long as it abides by the terms of the Settlement, Bank of America shall not be liable for erroneous, improper or inaccurate actions,

omissions, crediting or payment, and the releases and any judgment shall be effective as of Final Approval as to every Participating Class Member notwithstanding any error or dispute and regardless of whether such error or dispute is corrected or addressed only thereafter.

Section 8.08.  The time periods and dates described in this Agreement with respect to the giving of notices are subject to modification by written stipulation of counsel for the Parties subject to the approval of the Court.

Section 8.09.  This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Texas.

Section 8.10.  The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.  Any modification of the Agreement must be confirmed in a writing signed by counsel for the Parties.

Section 8.11.  The Parties have participated jointly in the negotiation and drafting of this Agreement.  If an ambiguity or question of intent or interpretation arises, this Agreement will be construed as if drafted jointly by the Parties and no presumption or burden of proof will arise favoring or disfavoring any Party because of the authorship of any provision of this Agreement.

Section 8.12.  This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Released Person and the beneficiaries of the Release, and the Released Person and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

Section 8.13.  The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

Section 8.14.  This Agreement shall become effective upon its execution by the undersigned.  This Agreement and any amendments thereto may be executed by exchange of executed signature pages by facsimile or Portable Document Format ("PDF") as an electronic mail attachment, and any signature transmitted by facsimile or PDF via electronic mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement.  The Parties may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

Section 8.15.  Prior to the date when the Preliminary Approval Order is entered by the Court, other than the filings as required to secure Settlement approval, this Agreement and its terms shall be confidential and shall not be disclosed to any person unless required by applicable disclosure laws or required to be disclosed to auditors or attorneys.  Nothing in this Agreement shall prohibit Class Counsel from communicating with Class Members or establishing a Settlement website maintained by the Settlement Administrator, with content approved by all Parties.  Further, the Parties agree that this Agreement and its terms may be produced to any state

or federal agency that so requests or to the extent that the Parties are required to do so under statute or regulation. Notwithstanding the foregoing, in the prosecution of other actions and on its website and firm publications, after Preliminary Approval Class Counsel shall be entitled to refer to and summarize the material terms of this Agreement as evidence of their experience and qualifications. Without limiting the foregoing, there will be no public statements, including press releases, regarding this Settlement or its terms, unless the content of any such statements is agreed to by the Parties.

Section 8.16. Pursuant to the Confidentiality Stipulation and Order (Dkt. #55), within two hundred and twenty (220) days after the Effective Date, any person who is in the possession of "CONFIDENTIAL MATERIALS," including copies, extracts and summaries thereof, shall certify in writing to the producing party that all such "CONFIDENTIAL MATERIALS" have either been returned to the producing party or destroyed, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court. Work product and attorney-client privileged material are exempt. Nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects Confidential Information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system. Nor shall anything in this paragraph require any party to destroy any materials which the parties have mutually agreed may be used in any other matters, or which any court has ordered to be made available for use in other matters. Nothing in this paragraph relieves Bank of America of any duty to preserve documents that it may have in relation to any other matter. All other provisions of the Confidentiality Stipulation and Order are hereby incorporated herein. Also, within two hundred and fifty (250) days after the Effective Date, Class Counsel and the Settlement Administrator shall each certify in writing to Bank of America that they have either returned or destroyed the Class Member List or any copy, extract and summary thereof.

Section 8.17. Under no circumstances shall the Settlement or the Agreement or the releases be deemed to alter, amend, or change the terms and conditions of any residential mortgage loan as to which any Class Member is or was a party, or to provide a defense to any such residential mortgage loan, including but not limited to, a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the releases be deemed to have any effect in any foreclosure proceeding, or in any other action involving a Class Member hereto; in the event this Agreement is so construed as to a particular Class Member, it can be declared by Bank of America to be null and void as to that Class Member only (and, in such latter event, the releases as to that Class Member shall also be void).

Section 8.18. Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration and implementation of this Agreement. In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing party shall recover from the other(s), damages arising from any breach of the Agreement, and his, her or its reasonable attorneys' fees and costs incurred therein.

Section 8.19. The provisions of this Agreement (except for the provisions in Article VI) are severable insofar as the partial or complete invalidity, illegality or legal ineffectiveness of

any term in the Agreement shall not affect the validity, legality or legal effectiveness of the remainder of such term or of any other terms herein.

Section 8.20.  This is a compromise of disputed claims.  In the event the Settlement is not finally effective, all Parties agree that the Settlement becomes of no legal effect and may never be mentioned at trial or in dispositive or class motions or motion papers (except as necessary to explain the timing of the procedural history) and the Parties will return to their respective position as of the date this Agreement is executed.  However, the parties agree that all case deadlines are tolled until such time as the Court shall establish a new schedule for this Action.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

Dated: April ___, 2013

By: Stephen Smith
Title: Servicing Operations Executive
Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP

Dated: April ___, 2013

_____
Kent Farmer
*Representative Plaintiff*

Dated: April 19, 2013

GOODWIN PROCTER LLP

/s/ David L. Permut
_____
David L. Permut
*Counsel for Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP*

Dated: April 19, 2013

NICHOLS KASTER, PLLP

/s/ E. Michelle Drake
_____
E. Michelle Drake

*Class Counsel*

26

LIST OF EXHIBITS

Exhibit 1-Proposed Class Notice
Exhibit 2-Proposed Claim Form
Exhibit 3-Proposed Preliminary Approval Order
Exhibit 4-Proposed Final Approval Order

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENT FARMER, as an individual and as a representative of the putative class, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 5:11-CV-00935-OLG |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P., | § § § | |
| Defendants. | § § | |

## NOTICE OF PENDENCY OF CLASS ACTION
## SETTLEMENT AND FINAL APPROVAL HEARING

**YOU MAY BE ENTITLED TO COMPENSATION AND YOUR LEGAL RIGHTS MAY BE AFFECTED IF YOU ARE A MEMBER OF THE FOLLOWING CLASS:**

ALL MORTGAGORS WHOSE MORTGAGES WERE SECURED BY REAL PROPERTY IN TEXAS, TO WHOM BANK OF AMERICA SENT A LETTER REQUESTING PROOF OF HAZARD INSURANCE AT ANY TIME AFTER MAY 13, 2007 AND/OR WHOSE CLASS LOAN WAS ACTIVELY BEING SERVICED BY BANK OF AMERICA AS OF OCTOBER 16, 2012, AND WHOSE DEEDS OF TRUST CONTAIN THE FOLLOWING LANGUAGE:

> INSURANCE.  NOTWITHSTANDING ANY LANGUAGE TO THE CONTRARY IN THIS HOMESTEAD LIEN CONTRACT OR IN ANY RELATED DOCUMENT, IF THIS HOMESTEAD LIEN CONTRACT SECURES AN EXTENSION OF CREDIT PURSUANT TO SECTION 50(A)(6), ARTICLE XVI TEXAS CONSTITUTION, LENDER DOES NOT REQUIRE FIRE INSURANCE WITH STANDARD EXTENDED COVERAGE ENDORSEMENTS ON THE PROPERTY.

> or

> EXCEPT INSURANCE AGAINST FLOODS AND FLOODING, BANK OF AMERICA DOES NOT REQUIRE GRANTOR TO MAINTAIN INSURANCE ON THE PROPERTY AGAINST LOSS BY FIRE, HAZARDS INCLUDED WITHIN THE TERM "EXTENDED COVERAGE" AND ANY OTHER HAZARDS.

THIS CLASS ACTION LAWSUIT ALLEGES THAT BANK OF AMERICA IMPROPERLY REQUIRED AND/OR PLACED HAZARD INSURANCE ON YOUR PROPERTY.  YOU ARE

RECEIVING THIS NOTICE BECAUSE BANK OF AMERICA'S RECORDS INDICATE THAT YOU MAY BE A MEMBER OF THE CLASS. THIS IS NOT A LAWSUIT AGAINST YOU. YOU MAY BE ENTITLED TO COMPENSATION FROM THE PROPOSED SETTLEMENT OF THIS LAWSUIT UNLESS YOU CHOOSE TO EXCLUDE YOURSELF FROM THE CLASS. PLEASE CONSIDER THIS NOTICE CAREFULLY.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
| --- | --- |
| **ACCEPT THE SETTLEMENT** | If the Settlement is approved by the Court and you are a member of the Class, you may be entitled to compensation.<br><br>A portion of the Settlement Fund will be allocated to eligible class members automatically.<br><br>If there is a claim form included with this notice, you have been identified as being eligible to file a claim for relief under certain settlement provisions. **If you wish to receive that portion of that settlement you must complete and mail the claim form to the settlement administrator postmarked no later than [PARTIES SUGGEST SEPTEMBER 3, 2013.]**<br><br>All class members will receive prospective relief. You are not required to do anything to receive prospective relief. |
| **YOU MAY OPT-OUT OF THE SETTLEMENT BY _____, 2013 [PARTIES PROPOSE AUGUST 8, 2013].** | If you wish to exclude yourself, or "opt-out" of the Settlement, you may (as discussed below) submit your opt-out notice to the Settlement Administrator postmarked no later than [PARTIES SUGGEST AUGUST 8, 2013.]. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____, 2013. [PARTIES PROPOSE AUGUST 8, 2013]** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement, postmarked no later than [PARTIES SUGGEST AUGUST 8, 2013.]. |
| **YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON _____, 2013. PARTIES PROPOSE SEPTEMBER 10, 2013** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Court hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will only be allowed to speak at the hearing if you file a written objection and Notice of Intention to Appear in advance of the hearing. |

## A FEDERAL COURT AUTHORIZED THIS NOTICE.

### I.    DESCRIPTION OF THE LAWSUIT

On May 13, 2007, Plaintiff Kent Farmer ("Named Plaintiff") filed this Lawsuit against

Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP (collectively, "Bank of

America"). The Action was filed as a proposed class action.

Named Plaintiff alleges that Bank of America required him to purchase hazard (homeowner's) insurance on his property as a condition of his loan, and placed its own hazard insurance on his property when he failed to do so.  He alleges that Bank of America did not have the authority under the Deed of Trust to require hazard insurance on his property.  By requiring such insurance, he claims that Bank of America breached his Deed of Trust, committed fraud, and violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41, *et seq.*

Bank of America has denied all of Named Plaintiff's claims and denies any wrongdoing and any liability to Named Plaintiff or any Class Members, in any amount.

Named Plaintiff's Counsel have investigated the facts and the applicable law regarding the matters raised in the Action.  Named Plaintiff's Counsel believes that the issues before the Court are extremely complex and there is uncertainty as to the outcome of the Action.  Therefore, Named Plaintiff, on behalf of all others similarly situated, has entered into a Settlement Agreement made as of April 19, 2013 (the "Agreement"), which, if approved by the Court, will fully and finally resolve the claims asserted by Named Plaintiff, on behalf of himself and anyone else in the Class, as defined below, against Bank of America in this Action.

Capitalized terms used in this Notice but not defined in this Notice shall have the same meanings ascribed to them in the Agreement.

## II.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

For purposes of this proposed Settlement only, a class of plaintiffs (as defined herein and referred to as the "Class") has been conditionally certified.  This does not mean that Named Plaintiff would be successful if the case went to trial, and this Notice and the proposed Settlement does not imply that Bank of America is liable to any member of the Class or that a class action would be certified in the absence of settlement.  Furthermore, if this proposed

Settlement is not finally approved or is withdrawn at any time, the conditional class certification will be vacated and the Action will revert to its same status as before the Agreement was signed.

## III.    COUNSEL FOR THE CLASS

The Court has appointed, for the purpose of the proposed Settlement only, the following individuals and law firm as counsel for the Class ("Class Counsel"):

E. Michelle Drake, Esq.
Anna Prakash, Esq.
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

## IV.    REASONS FOR ENTERING INTO SETTLEMENT AGREEMENT

Named Plaintiff and Bank of America agreed on all of the terms of the proposed Settlement through extensive arms-length negotiations between counsel for Named Plaintiff and counsel for Bank of America.  Named Plaintiff has entered into the proposed Settlement after weighing the benefits of the Settlement against the probabilities of success or failure in the Action and against the delays that would be likely if the Action proceeded to trial.

Named Plaintiff and Class Counsel have concluded that the proposed Settlement provides substantial benefits to Named Plaintiff and the Class; resolves substantial issues without prolonged litigation; provides the Class with significant benefits, both individually and in the aggregate; and is in the best interests of the Class.  Named Plaintiff and Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate.

Although Bank of America denies any wrongdoing and any liability whatsoever, Bank of America believes that it is in its best interests to settle this Action on the terms set forth in the Agreement in order to avoid further expense and inconvenience in connection with the Action.

This Notice provides only a summary of the Action.   For additional information, including the Complaint, the complete Settlement Agreement and background of the Action, please visit the Settlement website, www.texashazardsettlement.com.

## V.   THE TERMS OF THE PROPOSED SETTLEMENT

The proposed Settlement contemplated by the Agreement provides as follows:

### *CERTIFICATION OF SETTLEMENT CLASS*

The Court has certified preliminarily, for settlement purposes, a Class which is defined generally as:

ALL MORTGAGORS WHOSE MORTGAGES WERE SECURED BY REAL PROPERTY IN TEXAS, TO WHOM BANK OF AMERICA SENT A LETTER REQUESTING PROOF OF HAZARD INSURANCE AT ANY TIME AFTER MAY 13, 2007 AND/OR WHOSE CLASS LOAN WAS ACTIVELY BEING SERVICED BY BANK OF AMERICA AS OF OCTOBER 16, 2012, AND WHOSE DEEDS OF TRUST CONTAIN THE FOLLOWING LANGUAGE:

> INSURANCE.   NOTWITHSTANDING ANY LANGUAGE TO THE CONTRARY IN THIS HOMESTEAD LIEN CONTRACT OR IN ANY RELATED DOCUMENT, IF THIS HOMESTEAD LIEN CONTRACT SECURES AN EXTENSION OF CREDIT PURSUANT TO SECTION 50(A)(6), ARTICLE XVI TEXAS CONSTITUTION, LENDER DOES NOT REQUIRE FIRE INSURANCE WITH STANDARD EXTENDED COVERAGE ENDORSEMENTS ON THE PROPERTY.

> or

> EXCEPT INSURANCE AGAINST FLOODS AND FLOODING, BANK OF AMERICA DOES NOT REQUIRE GRANTOR TO MAINTAIN INSURANCE ON THE PROPERTY AGAINST LOSS BY FIRE, HAZARDS INCLUDED WITHIN THE TERM "EXTENDED COVERAGE" AND ANY OTHER HAZARDS.

Any person who opts-out of the Settlement, as explained in Section VI of this Notice, is not a member of the Class and therefore receives nothing and is not affected by the Settlement.

*SETTLEMENT AMOUNT*

Subject to and in accordance with the terms and conditions of the Agreement, the Settlement Administrator will provide to each Participating Class Member their distribution of the Net Settlement Amount ("Settlement Payment").  The amount that each Participating Class Member receives will depend on whether or not Bank of America purchased hazard insurance on your behalf.

Participating Class Members who have hazard insurance that was purchased by Bank of America in effect on or after the Effective Date of the Settlement will have the option to either (1) cancel that insurance as of its effective date and receive a Settlement Payment equivalent to 100% of the premium amount charged for that policy, or (2) cancel the remaining term of that insurance and receive a Settlement Payment equivalent to any unused premiums for the policy.

Bank of America has agreed to provide Participating Class Members who had hazard insurance that was purchased by Bank of America that is no longer in effect after the Effective Date of the Settlement will receive a Settlement Payment equivalent to 60% of the amount charged for such policies after May 13, 2007, subject to court approved reduction for attorneys' fees and litigation and administration costs as described herein.

Participating Class Members who have previously received letters from Bank of America indicating that they were required to provide proof of hazard insurance or proof of additional hazard insurance to Bank of America and who, on or after May 13, 2007, purchased hazard insurance on their own behalf or maintained hazard insurance that they had purchased for their own behalf in total or partial reliance on those letters will receive Settlement Payments on a claims made basis.  Claims will be paid *pro rata* based on the valid amount of the claim.  Bank of America has agreed to make the total amount of $2.16 million available to fund these claims, subject to court approved deductions for attorneys' fees, litigation and administrative costs, as

Page **6** of **15**

described herein.  **IF YOU ARE A MEMBER OF THIS CATEGORY, A CLAIM FORM AND BUSINESS REPLY ENVELOPE HAVE BEEN INCLUDED WITH THIS NOTICE. YOU MUST COMPLETE THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT FOR PREFERRED INSURANCE.  <u>YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [PARTIES SUGGEST SEPTEMBER 3, 2013]</u>**

Bank of America has agreed to provide Participating Class Members on whose loans Bank of America has completed foreclosure prior to final approval of the Settlement and for whom Bank of America purchased hazard insurance will receive 30% of the premiums charged on hazard insurance policies purchased by Bank of America after May 13, 2007, subject to court approved reduction for attorneys' fees and litigation and administration costs as described herein.

The Settlement Payment with respect to any Class Member shall be provided by a credit to that Class Member's escrow account, if the loan on which hazard insurance was required is serviced by Bank of America at the time payments are issued, or otherwise by check to borrowers whose loans are no longer active.  Settlement Payments are subject to court approved reduction for attorneys' fees, expenses, named plaintiff incentive award, and costs of administration.  If a Participating Class Member is not eligible for a Settlement Payment arising from a completed foreclosure, he or she is eligible to receive cumulative Settlement Payments. Only one payment will be issued per loan, regardless of the number of co-signers on the loan.

Participating Class Members who have not had hazard insurance purchased for them and who have not been sent cycle letters by from Bank of America indicating that they were required to provide proof of hazard insurance or proof of additional hazard insurance to Bank of America

will not receive any monetary recovery, but will benefit from the prospective relief described below.

All Participating Class Members will receive prospective relief.  Specifically, Bank of America has agreed to:

> (1)     stop distributing "Cycle Letters" or other communications to Class Members in connection with their Class Loans without active Lender-Placed Hazard Insurance which inform Class Members that:

>> (a) their Class Loans with Bank of America require Hazard Insurance;

>> (b) they are required to provide proof of Hazard Insurance to Bank of America; and/or

>> (c) Bank of America will lender-place Hazard Insurance.

> (2)     no longer purchase Lender-Placed Insurance for Class Members in connection with their Class Loans; and

> (3)     refrain from distributing Cycle Letters or purchasing Lender-Placed Insurance in connection with any Class Loan at any point in time during the life of the Class Loan.

### *ATTORNEYS' FEES AND CASE CONTRIBUTION AWARDS*

Named Plaintiff intends to apply for, and Bank of America will not object to, an award not to exceed $10,000 (ten thousand dollars) as a Case Contribution Award for his services and expenses for acting as the class representative in the Action.

Class Counsel intend to seek an award from the Court for attorneys' fees and expenses to be paid from the Settlement Fund.  Any payment of attorneys' fees and expenses must be approved by the Court.  Bank of America has agreed not to object to an award of attorneys' fees and expenses to Class Counsel that is not in excess of 33% of the total value of the escrow credits and cash made available to class members as part of the Settlement Fund.  Bank of America has agreed to pay attorneys' fees of $500,000 to cover attorneys' fees associated with

relief provided to borrowers who will have lender-placed insurance in effect as of the Effective Date.  The refunds provided to those class members in connection with that lender-placed insurance will not be reduced by attorneys' fees, litigation and administration costs.  **Additional attorneys' fees will be paid *pro rata* from the other relief described herein and, subject to court approval, will reduce the escrow credits and cash available to class members by up to 33%**.

*RELEASES*

If the Agreement is finally approved, all Class Members who have not opted out of the Settlement will release and discharge all claims and rights, known and unknown, that the Class Members have relating their loan's hazard insurance requirements.  Upon the date when the Final Approval Order is entered, and in consideration of the promises and covenants set forth in the Agreement, Named Plaintiff and each Participating Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government seeking actual damages or disgorgement on behalf of a Class Member or Class Members), shall be deemed to have completely released and forever discharged Bank of America from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, without limitation, those known or unknown, from the beginning of the world until today, and including without limitation those that arise out of common law, state law, or federal law, that the class members have relating to Bank of America's requirement that borrowers maintain hazard insurance issued in connection with a loan covered by this Settlement.  This release shall specifically apply to bar

any further dispute about the matters that are within the scope of this release, including the breach of contract, fraud, unjust enrichment, and violation of Tex. Bus. & Com. Code § 17.42 et seq. claims that form the basis of the Action, whether such dispute or issue may arise or be raised in a case filed after the Preliminary Approval Date.

*FINAL APPROVAL*

If the Court finally approves the proposed Settlement as set forth in the Agreement (including any amendments agreed to between the Parties), the Court will enter a Final Approval Order and judgment.  The Final Approval Order will include the financial and other terms of the Agreement, dismissal of the claims on the merits and with prejudice, and a finding that Notice to the Class was proper and adequate.  The Court will retain jurisdiction over all matters related to the Settlement, including any post-settlement disputes raised by any Class Member.

## VI.    RIGHTS AND OPTIONS OF CLASS MEMBERS

You will be a member of the Class unless you request to be excluded.  Your interests as a Class Member will be represented by Named Plaintiff and the above-listed Class Counsel.  You will not be billed for their services.  Class Counsel will receive payment for their fees and expenses out of the Settlement Fund and only if the Court approves.  The ultimate fee award will be set by the Court.

Unless you "opt-out" of the class, you will be bound by any judgment or other final disposition of this case, including the release of claims in the Agreement.  A summary of the effect of the Agreement, including the release of claims, is outlined in Sections V and IX of this Notice.

You may also retain your own counsel to represent you at your own cost, and seek to appear individually in the case.

You may request exclusion, or "opt-out," from the Class.  If you elect to be excluded from the Class, you will not be bound by any judgment or settlement of the Lawsuit nor will you receive any of the benefits, including the payment of any monies.  You will retain and be free to pursue any claims you may have on your own behalf.  If you wish to exclude yourself from the Class, you must mail a written opt-out notice to the Settlement Administrator:

Garden City Group
P.O. Box 35065
Seattle, WA 98124-3508

Requests for exclusion do not need to be in any particular format, except the request must state that you intend to "opt-out" or request "exclusion" from the Class and the request must be signed personally and contain the full name, current address, loan number (if available) and telephone number of the person or persons requesting exclusion.  The written opt-out must be sent to the Settlement Administrator by U.S. Mail, first-class and postage prepaid, postmarked on or before _____, 2013 [PARTIES REQUEST AUGUST 8, 2013].  If more than one person was obligated on the loan, then the opt-out notice needs to be signed by all obligors on the loan to be valid.

If the opt-outs number more than 1% of the total number of known potential Class Members, Bank of America may terminate the Agreement at its option.

If you opt-out and intend to file a separate lawsuit, you should know that, if the Settlement is approved, that approval will remove any obligation of Bank of America to maintain documents other than in accordance with normal retention policies and applicable law.

## VII.   FINAL APPROVAL HEARING

A Final Approval Hearing will be held on the ___ day of _____, 2013 at ___ a.m. [PARTIES REQUEST SEPTEMBER 10, 2013] before the Honorable Orlando L. Garcia,

District Judge, United States District Court for the Western District of Texas, 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206 for the purpose of determining whether the proposed Settlement is fair, reasonable and adequate and should be finally approved, whether to award attorneys' fees and other amounts to Class Counsel and to Named Plaintiff as provided in the Agreement, and whether to enter the Final Approval Order and dismiss the Action.  The Final Approval Hearing may be continued or adjourned without further notice or at any adjournment or continuance thereof.  The Settlement may be approved with modifications, if any, consented to by Named Plaintiff and Bank of America jointly without further notice.

## VIII.   RIGHT TO OBJECT TO SETTLEMENT, APPEAR AT FINAL APPROVAL HEARING

If you do not exclude yourself from the Class, you may object to any aspect of the proposed Settlement.  Any Class Member who objects to all or part of the proposed Settlement and wants the Court to consider his or her objection must file such objection and any supporting papers with the Clerk of the Court on or before _____, 2013 [PARTIES PROPOSE AUGUST 8, 2013].  Documents should be mailed to the Clerk of Court at the following address:

> Clerk of Court
> United States District Court for the Western District of Texas
> 655 E. Cesar E. Chavez Blvd.
> San Antonio, TX 78206

The objection must set forth the full name, current address and telephone number of the person making the objection and must include: (a) a written statement of the position the objector wishes to assert; (b) a written statement of the grounds thereof; (c) copies of any papers, briefs, or other documents the objector wishes to submit in support of his/her position; (d) an address at which the objector may  be served; and (e) if the objector is represented by counsel, the name of

such counsel.  Copies of the objection and supporting papers must be mailed or hand delivered to:

>Class Counsel
>E. Michelle Drake
>Anna Prakash
>NICHOLS KASTER, PLLP
>4600 IDS Center
>80 South Eighth Street
>Minneapolis, MN 55402
>
>and
>
>Counsel for Bank of America
>David L. Permut
>GOODWIN PROCTER LLP
>901 New York Avenue, NW
>Washington, DC 20001

Objections must be filed by _____, 2013[**PARTIES PROPOSE AUGUST 8, 2013**].  Any Class Member who intends to appear personally (or through separate counsel if a timely and proper Entry of Appearance is filed) to object to the Settlement on any grounds whatsoever must file with the Clerk of the Court, at the address listed above, a Notice of Intention to Appear.  The Notice of Intention to Appear must be filed on or before _____, 2013 [**PARTIES PROPOSE AUGUST 8, 2013**], and copies of the Notice of Intention to Appear must be postmarked or hand delivered to Class Counsel and to Counsel for Bank of America, at the addresses listed above, by _____, 2013 [**PARTIES PROPOSE AUGUST 8, 2013**].  Any Class Member who does not file and serve a Notice of Intention to Appear will be prohibited from speaking at the Final Approval Hearing concerning this Settlement.  Any Class Member who does not file an objection in the time and manner described above is forever foreclosed from raising any objection to such matters in the event the Settlement is approved.

## IX.    SCOPE OF SETTLEMENT PROPOSAL

If the Settlement is approved, the terms of the Agreement, including the releases outlined in Section V of this Notice, will be final and binding upon, and shall inure to the benefit of: (i) all members of the Class, except those who request timely and proper exclusion from the Class; (ii) any heir, executor, administrator, representative, assignee or other party standing in the shoes of any Class Members; (iii) Bank of America; and (iv) all beneficiaries of the Release stated in the Agreement.

## X.    INFORMATION YOU MUST INCLUDE IN ANY DOCUMENT YOU SEND REGARDING THIS CASE

If you send any document to the Court, to Class Counsel or to Counsel for Bank of America, it is important that both your envelope and any documents inside contain the following case name and identifying numbers:

*Farmer v. Bank of America, N.A., et al.*

Civil Action No. 5:11-CV-00935-OLG

## XI.    FOR MORE INFORMATION

THIS NOTICE IS ONLY A SUMMARY.  The full Agreement, the Complaint, Orders, and other documents on file in this case may be inspected at a dedicated Settlement website, www.texashazardsettlement.com, maintained by the Settlement Administrator through Class Counsel.  DO NOT WRITE OR TELEPHONE THE CLERK'S OFFICE if you have any questions about this Notice.  Any questions regarding this Notice or the proposed Settlement or changes of address for Class Members should be directed to Class Counsel via the following email address:  texashazard@nka.com, toll-free at 1-877-448-0492, at the address listed on page 4 above, or you may contact the Settlement Administrator toll-free at 800-842-7741.

BY ORDER OF THE COURT

Dated _____

_____
Honorable Orlando L. Garcia
United States District Judge

Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
*Farmer v. Bank of America, N.A.,* Case No. 5:11-CV-00935-OLG

## SETTLEMENT CLAIM FORM

If you wish to make a claim under the Settlement Agreement for reimbursement of premiums that you paid for hazard insurance (also known as homeowners' insurance), you must complete this form and return it in the enclosed business reply envelope or the address listed at the bottom postmarked no later than [PARTIES SUGGEST SEPTEMBER 3, 2013].  Under the Settlement Agreement, you may make a claim for reimbursement if:

- You purchased hazard insurance after receiving a letter from Bank of America requesting evidence of hazard insurance; and
- You purchased hazard insurance in total or partial reliance on Bank of America's representation that such insurance was required by your loan agreement; and
- The hazard insurance was effective at any time between May 13, 2007 and the date you received the Notice of Settlement.

NAME(S): _____

AMOUNT PAID TO INSURER: _____

INSURANCE COMPANY: _____

EFFECTIVE DATE(S) OF COVERAGE: _____

MORTGAGED PROPERTY ADDRESS: _____
                                    (Street)

                            _____
                            (City)                    (State)        (ZIP)

CURRENT MAILING ADDRESS: _____
(If different than above)            (Street)

                            _____
                            (City)                    (State)        (ZIP)

ATTESTATION:  The undersigned declares under penalty of perjury that he or she purchased the above-referenced hazard insurance in total or partial reliance on Bank of America's representation that such insurance was required by his/her loan agreement.  By submitting this Settlement Claim Form, the undersigned agrees that he/she will be entitled to the relief specified in the Settlement Agreement and will be bound by the Release in the Settlement Agreement.

Signature: _____        Date: _____

**YOU MUST RETURN YOUR COMPLETED FORM NO LATER THAN [PARTIES SUGGEST SEPTEMBER 3, 2013]** TO:

Garden City Group
P.O. Box 35065
Seattle, WA 98124-3508

**PLEASE MAINTAIN COPIES OF ALL PROOF OF INSURANCE RECORDS ON WHICH YOU ARE MAKING THIS CLAIM**

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENT FARMER, as an individual and as a representative of the putative class, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL NO. 5:11-CV-00935-OLG |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P., | § § § | |
| *Defendants*. | § § | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, AND WITH RESPECT TO NOTICE, FINAL APPROVAL HEARING AND ADMINISTRATION**

Upon review and consideration of the Settlement Agreement dated April 19, 2013 (the "Agreement") in the above-captioned case (the "Action"), and as a hearing on the proposed settlement described in the Agreement is necessary;

NOW, upon the application of the Parties, after a hearing held on April 24, 2013, and good cause appearing, THIS COURT FINDS and ORDERS as follows:

1.      The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Final Approval Hearing described in paragraph 17 of this Order.

2.      The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3.      Solely for the purpose of settlement, in accordance with the Agreement and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby certifies the following Class:

All mortgagors whose mortgages were secured by real property in Texas to whom Bank of America sent a letter requesting proof of hazard insurance after May 13, 2007 and/or whose loans were actively being serviced by Bank of America as of October 16, 2012 and whose deeds of trust contain either of the following provisions:

> INSURANCE.  Notwithstanding any language to the contrary in this Homestead Lien Contract or in any Related Document, if this Homestead Lien Contract secures an extension of credit pursuant to Section 50(a)(6), Article XVI Texas Constitution, Lender does not require fire insurance with standard extended coverage endorsements on the property.

> or

> Except insurance against floods and flooding, Bank of America does not require Grantor to maintain insurance on the Property against loss by fire, hazards included within the term "extended coverage" and any other hazards.

4.      Pursuant to the Agreement, and for settlement purposes only, the Court finds as to the Class that:

a.      The Class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Class;

c.      The claims of Representative Plaintiff are typical of the claims of the Class that Representative Plaintiff seeks to certify;

d.      Representative Plaintiff and Plaintiff's Counsel will fairly and adequately protect the interests of the Class;

e.      The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f.      Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

5.     For the purpose of this preliminary approval and all matters relating to the Settlement and this Action, until further order of the Court, Kent Farmer shall be Representative Plaintiff of the Class and the following lawyers and law firm are appointed as counsel for the Class ("Class Counsel"):

> NICHOLS KASTER, PLLP
> E. Michelle Drake
> Anna Prakash
> 4600 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402

6.     Pursuant to the terms of Section 4.07 of the Settlement Agreement, Bank of America is hereby directed to prepare and provide to Class Counsel and the Settlement Administrator a Class Member List within forty-five (45) days of the entry of this Order.  Within sixty (60) days of the entry of this Order, pursuant to the procedures detailed in the Agreement, the Settlement Administrator will provide notice of this Settlement and the Final Approval Hearing to all Class Members by mailing a copy of the Notice of Pendency of Class Action, Proposed Settlement and Hearing ("Class Notice"), substantially in the form attached to the Agreement as Exhibit 1.

7.     The reasonable costs and expenses of printing, preparing and mailing the Class Notice and the reasonable costs and expenses of the Settlement Administrator, and other related administration expenses shall be paid from the Settlement Fund as set forth in Section 5.06 of the Agreement.

8.     Prior to the Final Approval Hearing, described in paragraph 17 herein, Class Counsel shall serve and file a sworn statement of the Settlement Administrator evidencing compliance with the provisions of this Order concerning the mailing of the Class Notice.

9.      Class Notice in compliance with the provisions set forth in paragraph 6 above and the Settlement Agreement is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process.

10.      Any Class Member wishing exclusion from the Class shall mail a request for exclusion ("Request for Exclusion" or "Opt-Out Form"), described in Section 4.13 of the Settlement Agreement, addressed to the Settlement Administrator and postmarked not later than _____, 2013 [PARTIES SUGGEST AUGUST 8, 2013].  Such request shall set forth:  the name, address, mortgage loan number, and telephone number of the Class Member, and contain the words "opt out," "exclusion," or other words clearly indicating an intent not to participate in the Settlement.  If more than one person was obligated on the loan, then the opt-out request must be signed by all obligors to be valid.  Requests for exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting.  Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any Final Judgment entered in this Action.

11.  Any Participating Class Member wishing to object to the settlement must submit an objection in the form prescribed by Sections 4.16 and 4.17 of the Settlement Agreement.  All objections must be filed with the Clerk of Court, and mailed to Class Counsel and Counsel for Bank of America, on or before _____, 2013 [PARTIES SUGGEST AUGUST 8, 2013].  Any Class Member who intends to appear personally (or through separate counsel if a timely and proper Entry of Appearance is filed) to object to the Settlement on any grounds whatsoever must file with the Clerk of the Court a Notice of Intention to Appear.  The Notice of Intention to

4

Appear must be filed (or, if mailed, postmarked) on or before  _____, 2013 [PARTIES SUGGEST AUGUST 8, 2013].

12.     Within five (5) business days following the receipt of any request for exclusion, the Settlement Administrator shall notify in writing Bank of America's Counsel and Class Counsel regarding the names of the Class Members, if any, who request exclusion, and the mortgage loan numbers (if available) for which each is claiming exclusion and shall provide copies of all Requests for Exclusion received by it to Bank of America's Counsel and Class Counsel.  Within ten (10) days of the last date for requesting exclusion ("Exclusion Date") the Settlement Administrator shall provide the parties with a sworn statement listing all persons who have submitted timely requests for exclusion and Plaintiff shall file the same with the Court as part of his motion for Final Settlement Approval.  The originals of all Requests for Exclusion shall be retained by the Settlement Administrator (i) unless and until such originals are filed with the Court or (ii) until such originals are delivered to Bank of America's Counsel following the Final Approval Date.

13.     To effectuate the Settlement and the Notice provided for herein, the Settlement Administrator shall lease and maintain a post office box of adequate size.  The Notice to the Class shall designate said post office box for all purposes of communicating with the Settlement Administrator.  The Notice to the Class shall designate the Settlement Administrator as the person to whom Requests for Exclusion shall be sent.  The Settlement Administrator shall be responsible for the receipt of all responses from Class Members and shall preserve all Requests for Exclusion and any and all other written communications from Class Members or any other person in response to said notice until administration is complete or pursuant to Order of the Court.  All written communications received from Class Members and all written responses to

inquiries by Class Members relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Bank of America's Counsel and Class Counsel, subject to further order of the Court if issues of privilege or confidentiality arise.

14.     In order to be deemed a Class Member, as set forth in the Agreement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, Class Members need not take any affirmative action to be included in the Settlement, but if desirous of participating in the Settlement, shall not opt out of, or request exclusion from, the Settlement. Nevertheless, pursuant to the terms of the Settlement Agreement, certain Class Members may need to submit an election to cancel or a claim form to receive certain benefits.

15.     All other events contemplated under the Settlement Agreement to occur after this Order and before the Final Approval Hearing described in paragraph 17 shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16.     Memoranda in support of Final Approval of the Settlement and any petitions for attorneys' fees and a Named Plaintiff Case Contribution Award shall be filed with the Clerk of the Court on or before _____, 2013 [PARTIES PROPOSE SEPTEMBER 3, 2013].

17.     A hearing (the "Final Approval Hearing") shall be held before the undersigned at _____ (a.m./p.m.) _____, 2013 [PARTIES PROPOSE SEPTEMBER 10, 2013] in the United States District Court for the Western District of Texas, 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206 to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final order or judgment in the Action, any petition for attorneys' fees and participation award, and other related matters.  This hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

18.     Any Class Member who does not opt out of the Settlement may appear at the Final Approval Hearing in person or by counsel, if an appearance is filed and served as provided in the Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, and/or the requested award of attorneys' fees and participation awards; provided, however, that no person shall be heard in opposition to the proposed Settlement and, if approved, the judgment entered hereon, or to the requested award of attorneys' fees and participation awards, and no papers or briefs submitted by any person shall be accepted or considered by the Court unless, on or before fourteen (14) days prior to the hearing (_____, 2013) such person (i) has filed with the Clerk of the Court a notice of such person's intention to appear together with a statement that indicates the basis for such opposition along with any supporting documentation, and (ii) has served copies of such notice, statement, and documentation together with copies of any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel, and upon Bank of America's Counsel, and (iii) otherwise complies with the Settlement Agreement and Notice for purpose of such hearing.

19.     All proceedings in the Action other than such as may be necessary to carry out the terms and conditions in the Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

20.     If final approval of the Settlement is not achieved, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated.  In such an event, the Settlement and all negotiations concerning it shall not be used or referred to for any purpose whatsoever.

21.     Garden City Group, 1985 Marcus Avenue, Lake Success, New York 11042, is hereby appointed to serve as Settlement Administrator.

Dated:  _____, 2013

_____
Honorable Orlando L. Garcia
United States District Judge

Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENT FARMER, as an individual and as a representative of the putative class, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL NO. 5:11-CV-00935-OLG |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P., | § § § | |
| *Defendants.* Defendants. | § § | |

**FINAL ORDER APPROVING SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS**

Upon review and consideration of the Settlement Agreement dated April 19, 2013 (the "Agreement"), relating to the above-captioned case (the "Action"), the Final Approval Hearing held on _____, 2013, the memoranda and arguments of counsel, and any objections to the Settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1.      Pursuant to Federal Rule of Civil Procedure 23(e), the terms of the Settlement Agreement dated April 19, 2013, relating to this Action are hereby finally approved as a fair, reasonable and adequate settlement of this Action in light of the factual, legal, practical and procedural considerations raised by this Action.

2.      Solely for the purpose of settlement, in accordance with the Agreement and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the following Class:

All mortgagors whose mortgages were secured by real property in Texas to whom Bank of America sent a letter requesting proof of hazard insurance after May 13, 2007 and/or

whose loans were actively being serviced by Bank of America as of October 16, 2012 and whose deeds of trust contain either of the following provisions:

INSURANCE.   Notwithstanding any language to the contrary in this Homestead Lien Contract or in any Related Document, if this Homestead Lien Contract secures an extension of credit pursuant to Section 50(a)(6), Article XVI Texas Constitution, Lender does not require fire insurance with standard extended coverage endorsements on the property.

or

Except insurance against floods and flooding, Bank of America does not require Grantor to maintain insurance on the Property against loss by fire, hazards included within the term "extended coverage" and any other hazards.

3.      The Court finds that Notice previously given to Class Members in this Action was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.   The Court also finds that the notice requirements of the Class Action Fairness Act ("CAFA") have been satisfied.

4.      The Court appoints the following law firm as counsel to the Class, and finds that counsel meet the requirements of Fed. R. Civ. P. 23:

NICHOLS KASTER, PLLP
E. Michelle Drake
Anna Prakash
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

5.      The Court further finds, in light of the current posture of this case as a Settlement Class, that:

a.      The Class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Class;

c.      The claims of Representative Plaintiff are typical of the claims of the Class that Representative Plaintiff seeks to certify;

2

d.      Representative Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class;

e.      The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f.      Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

6.      After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved, this Court finds that the Settlement is fair, adequate and reasonable.  In particular, in light of the significant possibility that Bank of America could prevail on the merits based on one or more of the defenses pleaded in their Answer or otherwise, it is clear that the financial settlement terms fall well within the range of settlement terms that would be considered fair, adequate and reasonable.  Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.  Each Class Member (except those who have excluded themselves from any Class and who appear on the list attached as Exhibit A to this Order) shall be bound by the Agreement, including the releases and covenants not to sue in the Settlement Agreement, which are hereby incorporated by reference and become part of the Final Judgment in this Action.

7.     Bank of America shall make deposits into the Settlement Escrow Fund in accordance with the terms of the Settlement Agreement.

8.     The Settlement Administrator shall, consistent with the terms and deadlines established in the Settlement Agreement, prepare all necessary reports and calculations, make any payments, adjustments or remittances required and cause the Settlement Escrow Fund to be disbursed in accordance with the terms of the Settlement Agreement, including a disbursement to Class Counsel in the amount of $_____ as set forth in this Court's order of _____, 2013 ("Fee Order") and a payment to Representative Plaintiff Farmer of $10,000 which the Court finds to be warranted by the activities and leadership undertaken by Representative Plaintiff Farmer.

9.     Bank of America shall distribute Escrow Credits in accordance with the terms of the Settlement Agreement.

10.     All claims against Bank of America are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter Judgment to that effect in the Action.  The Judgment shall be without costs to any Party.

11.     Each and every Class Member is permanently barred from bringing, joining, or continuing to prosecute against Bank of America (as defined in the Settlement Agreement) any claim that was brought in this Action, or could have been brought in this Action, including without limitation those that arise out of common law, state law, or federal law, that relate to Bank of America's requirement that borrowers maintain hazard insurance issued in connection with a loan covered by this Settlement, including, but not limited to, any claims regarding lender-placed hazard insurance, Cycle Letters, or the purchase of preferred insurance, including any claims of any Current LPI Category Class Member relating to the maintenance of insurance prior

to Bank of America's receipt of a written election to cancel such insurance or otherwise for which a release and covenant not to sue is being given under the Settlement Agreement.

12.     This Court hereby retains jurisdiction of all matters relating to the interpretation, implementation, effectuation and enforcement of the Settlement Agreement.  The Court further retains jurisdiction to enforce this Order.

Dated: _____, 2013

_____
Honorable Orlando L. Garcia
United States District Judge